## Evans v. McMahan.

1. Where a judgment entry recites a demurrer (sustained) as having been interposed by the defendant to his own plea, the Appellate Court will intend the recital to be a *clerical mistake*, and that it was the plaintiff who demurred.
2. A judgment as upon a *retraxit*, is a complete bar to a subsequent action for the same cause.
3. A plea in bar which alleges a judgment by *retraxit*, and substitutes the words "and dismissed the same" for "but from the same altogether withdrew himself," is good on demurrer.

The defendant in error declared against the plaintiffs in the Circuit Court of Pike, in an action of assumpsit founded on a promissory note.

The plaintiff pleaded in due form that the defendant had theretofore impleaded them for the same identical promises and undertakings in the declaration mentioned, and that at a term of the Court in which such suit was pending, "the said plaintiff (defendant in error) in proper person came into said Court, and

confessed that he would not further prosecute his said suit against said defendant (plaintiff in error) and dismissed the same, and from the prosecution thereof altogether withdrew himself, whereupon it was then and there considered by the said Court that said plaintiff should take nothing," &c.

To this plea there was a demurrer and joinder; whereupon a judgment was rendered as follows : "And now at this term¹ came the parties by their attornies, and the demurrer heretofore filed by the defendants being solemnly argued, was overruled by the Court, and the defendants failed to plead over, whereupon it is considered by the Court that the plaintiff recover of the defendant the sum of four hundred and eleven seven-two hundredth dollars for his damages, as well as his costs, for which execution may issue."

To review this judgment a writ of error. is prosecuted to this Court. ·

B. F. Porter for the plaintiff.
No Counsel for the defendant.

COLLIER, C. J.—Though the judgment purports to have been rendered upon a demurrer interposed by the plaintiffs in error, the record does not discover such to have been the state of the pleadings.   The defendant in error demurred to the plea, and thus we intend that the legal questions were presented to the Court.   The recital in the judgment that the *defendant's demurrer was overruled* is obviously a clerical mistake.   The entry should. have described it as the plaintiff's demurrer which was sustained; otherwise the plea would have been held sufficient in law, and required a replication.   We feel the less difficulty in making these explanatory intendments, inasmuch as the entire entry is characterised by a want of technical accuracy.

We are now brought to consider the·sufficiency of the plea.  It alleges a judgment by *retraxit* against the defendant in an action prosecuted for the same identical cause   In form the plea is almost a literal transcript of such a plea as is furnished by *Chitty*, the only difference being in the formal parts, in the insertion of

Evans v. McMahan. . .

the words, "and dismissed the same;" *Chitty* merely alleging that " the said A. B. came into the said Court in his own proper person, and confessed that he would not further prosecute his said suit against the said C. D., but from the same altogether withdrew himself," &c.  The words "and dismissed the same," cannot affect the plea, they are rendered entirely inoperative by what precedes and follows them, and cannot be understood to make the judgment pleaded, indecisive of the rights of the parties as a judgment of dismissal would be. The judgment set up in the plea is clearly a *retraxit*, and cannot be otherwise considered. (3. Chitty's Pl. 477.)

A *retraxit*, says Blackstone, "differs from a non-suit, in that the one is negative, and the other positive: the non-suit is a mere default and neglect of the plaintiff, and therefore he is allowed to begin his suit again upon payment of costs; but a retraxit is an open and voluntary renunciation of his suit in Court, and by this he forever loses his action." (3. Black. Com. 296.)

Mr. Dunlap says a *retraxit* is as complete and effectual a bar, as if a verdict had been rendered for the defendant, and he can never afterwards commence another action for the same cause." (1. Dunlap Pr. 494.)

It is then clear that the plea of the plaintiff in error was well pleaded, and the matter of it available in law.   *See* 3. Salk. 245; Bing. on Judgments 48; Boote's Suit at Law 159; 10. Johns. Rep. 221; Cro. Jac. 211; Ld. Raym's. Rep. 598.

The judgment must be reversed, and the case remanded.