Cox *et al. vs.* The Mayor & Council Griffin.

No. 47.—PINKNEY B. Cox and others, plaintiffs in error, *vs.* THE MAYOR AND COUNCIL OF THE CITY OF GRIFFIN, defendants in error.

[1.] The withdrawal of a claim to real estate does not affect the right of the claimants subsequently to file a bill of injunction, praying that the levy may be perpetually enjoined.

[2.] An Act of 1842 authorizes Judges of the Superior Courts, in their discretion, to grant a second injunction in the same case.

[3.] A *retraxit* is an open and voluntary renunciation of his suit in Court by the plaintiff.

[4.] A plea should bring forward matter which reduces the cause, or the part of it covered by the plea, to a single point. And a plea which introduces defences distinct in their natures, is bad, for duplicity.

[5.] A *negative* plea—that is to say, one which negatives material facts set forth in the bill, necessary to the complainant's title, and of which a discovery is sought, must be accompanied by answer.

In Equity, in Spalding Superior Court. Decision by Judge STARKE, May Term, 1854.

The bill alleges, that some time previous to the month of June, in the year 1840, the Monroe Rail Road and Banking Company being then the owner of the land, laid off the plan of the present City of Griffin, then located in the County of Pike; that a map of the plan was made out, and afterwards all the lots, except certain reserved lots, were advertised and sold at public outcry; that by the advertisements, and according to the plan of the city, as laid off on the map, certain lots, named in the bill, were reserved, set apart and *dedicated* by the Company to religious, educational and other public purposes, and that streets and alleys and squares were reserved and set apart and dedicated for the public use and convenience; that these reservations and dedications were proclaimed or known at the sales, and the map of the city freely exhibited to purchasers, and that they greatly enhanced the value of the lots sold, and that by these means the purchasers of the city

lots paid a full and valuable consideration for such reserved lots; and that by reason of these facts, and the dedication by the Monroe Rail Road and Banking Company, of these lots to various religious, educational and other public purposes, the title to said lots so reserved and dedicated, had passed out of the Company.

The bill then alleges, that long after these sales, and after the purchasers of the lots had expended large sums of money in the improvement of the city, and the lots so purchased by them, that Pinkney B. Cox, Gabriel H. Cox and Robert R. Cox obtained divers, several and joint judgment againsts the Monroe Rail Road and Banking Company, and had executions issued from such judgments and levied on divers of those reserved lots and squares; that these various levies were being vexatiously pressed, to the ceaseless annoyance of the owners of the lots adjoining these public lots and streets, and the municipal corporation of the City of Griffin; and the bill prayed a perpetual injunction of these levies.

To this bill the defendants filed a plea in bar, alleging that complainants had once claimed the property and had dismissed that claim; and also, had previously filed a bill of precisely the same character, against the same defendants, and for the same purpose in the Chancery Court of Pike County; that by the terms of the Act organizing the County of Spalding, a rule *nisi* was granted, requiring the complainants to remove the cause to the said County of Spalding, the county of the residence of the defendants, by the next term of the Court, or show cause to the contrary; and that on failure to do so, the case should be dismissed, "*as in cases of retraxit.*"

The cause was not removed, and at the next term, a *general order, dismissing* the case, was granted, which defendants alleged, amounted to a renunciation of the right of action by the complainant; and therefore, that a second injunction ought not to be granted. The plea also negatived the right of complainants to bring the suit. To this plea the complainants demurred, and after argument, the Court below over-ruled the plea,

Cox *et al. vs.* The Mayor & Council Griffin.

and ordered the defendants to answer; and this decision is assigned as error.

McDonald, for plaintiff in error.

Chappell, Alford & Moore, for defendant in error.

*By the Court.*—Starnes, J. delivering the opinion.

[1.] In noticing the first point made by the plea in bar to this bill, it is only necessary to say, that the withdrawal of the claim which had been interposed by the predecessors of the defendant in error, previously to the filing of their first bill, did not affect their right to file that bill, as is insisted by the plaintiffs in error.

[2.] Nor did the dismissal of that bill, upon which an injunction had been granted, deprive them of the right to obtain a second injunction. For by the Act of 1842, the issuing of a second injunction is placed expressly within the discretion of the Judge of the Superior Court.

[3.] It is next insisted by the plea, that there was an abandonment of the bill which had been filed in Pike County, "as in cases of retraxit;" and therefore this bill could not be sustained.

What is a retraxit? Sir *Edward Coke* says, that it is where the plaintiff "comes into Court and confesses that he will not prosecute his suit, but from the same withdraws himself." (*Co. Litt.* 139 *a.* 3 *Ch. Pl.* 477. *Evans vs. McMahan,* 1 *Ala.* 47.)

Sir *William Blackstone* tells us in few and simple words, that "a retraxit is an open and voluntary renunciation of his suit in Court" by the plaintiff. He adds, "and by this he forever loses his action."

The facts of this record all show, that neither the complainants nor their predecessors, in the solemn and formal way necessary to a *retraxit*, have said they are unwilling to prosecute their suit; have in open Court voluntarily renounced their suit.

It is true, that the Judge of the Superior Court of Pike County, at April Term, 1852, granted an order *nisi*, directing that the papers in the cause should be returned to the Clerk of the Superior Court of Spalding County, upon payment of costs, in order for trial at May Term of said Court next thereafter; and that in case they should not be returned as directed, that at the ensuing term of the Superior Court in Pike County, the same should be dismissed from the dockets of the Court *as in cases of retraxit.* But it is also true, that at that term the case was not dismissed "as in cases of retraxit," but it appears, by the record, that a general order was granted, directing "that said cause be dismissed, and the injunction be dissolved," &c.

Even if the Court had granted the order absolute, in terms of the first order, and had directed the case to be dismissed "as in cases of retraxit," this could not have made it a case of *retraxit*, if the complainant were not in Court *voluntarily* renouncing the suit. This is too plain to need further comment.

[4.] The defendants also insist, by their plea, that the complainants, as a corporation, have no right to take and hold trust estates; that they have no interest in this real estate levied upon; "are interlopers," and therefore have no right to bring this suit.

This position, if appropriate matter for a plea under different circumstances, is probably objectionable here, because, as we are inclined to think, it renders the plea, as a whole, bad for *duplicity.* The office of a plea is to bring forward new matter displacing the equity, and which reduces the cause, or the part of it covered by the plea, to a single point. (1 *Atk.* 54. *Mitf. P.* 295.) But here, defences are introduced, distinct in their characters.

However this may be, this portion of the plea is bad for another reason. If not in the nature of a demurrer, (which we are inclined to think it is) it is what is denominated a *negative* plea—that is to say, a plea negativing material facts set forth in the bill, necessary to the complainant's title, and of which a discovery is sought. In such case, it must be accompanied by answer. (*Story Eq. Pl.* 672. 2 *Dan. Ch. Pr.* 112, 113.)

The defendants' interests need not suffer by this rule; for if this feature of their defence be of any importance to them, it is easy to incorporate it with the answer.

Judgment affirmed.