HALL (WOODWARD v.). See Case No. 18,-005.

HALL (WOODWORTH v.). See Cases Nos. 18,016 and 18,017.

## Case No. 5,955.

### HALL v. YAHOOLA RIVER MIN. CO.

[1 *Woods*, 544.] [1]

Circuit Court, N. D. Georgia. March Term, 1873.

EXECUTION—CLAIMS BY THIRD PARTIES — "CLAIM LAW" OF GEORGIA — JURISDICTION OF FEDERAL COURTS—PRACTICE.

1. The "claim law" of Georgia, so far as the same applies to real estate, provides for equitable relief. It is therefore a remedy which cannot be administered in the federal courts, and is not prescribed to be used therein by the act of congress, approved June 1, 1872, entitled "An act to further the administration of justice" (17 Stat. 197.)

2. In Georgia, when the United States marshal levies an execution against A., upon the real estate of B., and threatens to sell the same, B. must file his bill in equity to stop the sale, and cannot resort to the "claim law" of the state for relief.

This cause was submitted on the motion of the plaintiff, who was judgment creditor of the defendant, to dismiss a proceeding, under the claim law of Georgia, commenced by one Vandyke, who set up title to certain real estate levied on by the marshal as the property of defendant, by virtue of an execution issued in this case.

Amos T. Akerman, for motion.

C. Peeples, George Hillyer, and J. A. Wimpey, contra.

Before WOODS, Circuit Judge, and ERSKINE, District Judge.

WOODS, Circuit Judge. The Code of Georgia provides that "when a sheriff or other officer shall levy an execution on property claimed by a third person not party to such execution, such person shall make oath to such property and shall give bond to the sheriff or other officer, as the case may be, with good and suffcient security in a sum double the value of the property levied on, conditioned to pay the plaintiff in execution all damages which the jury, on the trial of the right of

property, may assess against him, if it shall appear that said claim was made for the purpose of delay only, and that the said oath and bond, having been delivered to the sheriff or other officer making the levy, it shall be his duty to postpone the sale until otherwise ordered. If the person claiming the property shall desire the possession thereof, it shall be the duty of the levying officer to take a bond from the claimant in double the value of the property levied on, for the delivery of the property at the time and place of sale, provided the same shall be found subject to the execution, and such bond being delivered to the sheriff, it shall be his duty to leave the property in possession of the claimant. When the execution is levied on personal property, it shall be the duty of the levying officer to return the same, together with the execution, to the next term of the court from which the execution issued, but if the execution be levied on real property, the levying officer must return the same with the execution and claim to the next term of the superior court of the county in which the land so levied on shall lie. The court to which the claim shall be returned shall cause the right of property to be decided on by a petit jury at the first term thereof, unless continued as other cases at common law, and the jury may give the plaintiff in execution such damages against the claimant, not less than ten per cent., as may seem just, provided it is made to appear that the claim was made for delay only. Either party in claim cases may appeal as in cases at common law." See Irwin's Code Ga. pp. 707–710, tit. 9. c. 1.

By an act approved October 21, 1870, it was provided that "when the claimant is unable to give bond, he may make an affidavit to the effect that he did not interpose the claim for delay; that he claimed title to the property in good faith; that he was advised and believed that his claim would be sustained, and that from poverty he was unable to give the bond as otherwise required by law; and such affidavit, when delivered to the sheriff, shall suspend the sale in the same manner as if bond and security had been given. If the property levied on be personal and the plaintiff claimant unable to give a forthcoming bond, the plaintiff in execution may give such bond; and in that case the levying officer shall deliver the property to said plaintiff; and in the event the claimant is unable and the plaintiff in execution neglects or refuses to give said forthcoming bond, the claimant may apply to the ordinary and procure an order for the sale of the same; and said property shall be advertised and sold in the manner prescribed by the law, and the proceeds shall remain in the hands of the levying officer, subject to the order of the court upon the final hearing of the claim." Acts 1870, pp. 75, 76.

In this state of the statute law an execution was issued on the 28th day of September, 1872, out of the United States court for the

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

northern district of Georgia, upon a judgment for $2,767, and costs theretofore recovered in that court by Frank W. Hall, against the defendant, the Yahoola River and Cane Creek Hydraulic Hose Mining Company, and the marshal, on the 4th day of October, 1872, levied the execution on certain lands and tenements as the property of the defendant company. Thereupon one M. H. Vandyke, claiming to be the owner of the property so levied on, filed with the marshal the oath and bond required by the above recited acts of the state of Georgia, and the marshal suspended the sale and returned the execution and claim to the court.

A motion is now made to dismiss the claim and to allow the marshal to proceed to sell the property levied on. The argument of the mover is that the claim law of the state of Georgia is not binding upon the United States courts, and is not adopted by the fifth section of the act of congress, approved June 1, 1872, entitled "An act to further the administration of justice." That section declares "that the practice, pleadings and forms and modes of proceeding in other than equity and admiralty causes in the circuit and district courts of the United States shall conform as near as may be to the practice, pleadings, forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held, any rule of court to the contrary notwithstanding." 17 Stat. 197. It is obvious to remark that this section excludes from its operation "equity and admiralty causes." The equity practice in the courts of the United States is not controlled by the legislation of the states or rules of the state courts, but is prescribed by the supreme court. The distinction between law and equity as recognized in the constitution, and the principles and procedure which at the period of the formation of the constitution so clearly distinguished legal from equitable remedies have not thus far in our judicial history been unsettled by the blending of law and equity in the courts of the United States; they are still administered as distinct systems of remedial justice. Const. U. S. art. 3, § 2.

In Bennett v. Butterworth, 11 How. [52 U. S.] 674, the supreme court declares that "although the forms of proceedings and practice in the state courts shall have been adopted in the circuit courts of the United States, yet the adoption of the state practice must not be understood as confounding the principles of law and equity, nor as authorizing legal and equitable claims to be blended together in the same suit," and in Thompson v. Railroad Companies, 6 Wall. [73 U. S.] 137, the same court says: "The constitution of the United States and the acts of congress recognize and establish the distinction between law and equity. The remedies in the courts of the United States are at common law or in equity; not according to the practice of state courts, but according to the principles of common law and equity, as distinguished and defined in that country from which we derive our knowledge of these principles." So in Payne v. Hook, 7 Wall. [74 U. S.] 425, it is said that "the equity jurisdiction conferred on the federal courts is the same that the high court of chancery in England possesses, is subject to neither limitation nor restraint by state legislation, and is uiform throughout the different states of the union." To the same effect are the following cases: Bodley v. Taylor, 5 Cranch [9 U. S.] 191; Watkins v. Holman, 16 Pet. [41 U. S.] 25; Smith v. McCann, 24 How. [65 U. S.] 398; Loring v. Downer [Case No. 8,513].

It follows then from the terms of the 5th section of the act of June 1, 1872, and the authorities cited above, that if the relief sought by the claimant in this case is equitable relief, he cannot resort to the claim law of Georgia to secure it, for the mode of proceeding prescribed by that act is a legal and not an equitable proceeding. When a marshal or sheriff, having an execution in his hands against the property of A., levies it upon the real estate of B., the latter has both legal and equitable remedies. He may sue the officer, or he may bring ejectment after the sale by the officer to recover possession of his property. These are his remedies at law, but neither of these prevents a sale. His equitable remedy is to file his bill setting up his title, and praying an injunction against the officer to restrain him from proceeding to sell. Now when real estate is levied on, the claim proceeding of the Georgia law is in effect a proceeding in equity. Cox v. Mayor, etc., 17 Ga. 249; Colquitt v. Thomas, 8 Ga. 258; Williams v. Martin, 7 Ga. 380. There is no form of action known to the common law that could stay the sale, and without some statutory provision, the only method of restraining a sale would be by bill in equity. The Georgia claim law therefore, when real estate is levied on, is a substitute for a bill in equity, praying for injunction and relief. It secures equitable relief, prevents irreparable mischief, by a statutory process which provides for a trial jury. This is a mingling of law and equity not permitted by the constitution and laws of the United States. A party who desires to restrain a sale by the marshal of property levied on by him, and to assert his title thereto, has an equitable case, and must resort to the equity side of the court. As the property levied on in this case is real estate, we are of opinion that the claim law of the state is not applicable, and that the marshal must be ordered to sell, notwithstanding the filing of the affidavit and bond prescribed by the claim law. Where the property levied on is personal estate, this course of reasoning will not apply. In the case of personal property, there is a remedy at law that would prevent a sale and restore the property to the claimant, namely, the action of replevin. The claim law, therefore, when applied to personal property, may be

considered as a substitute for the action of replevin, and is not open to the same objection as when real estate is the subject of the levy. Our conclusion, therefore, is that the claim law of this state can not apply when a levy is made upon real estate; but that it does apply to levies upon personal property. As the levy in this case was upon real property, an order may be entered dismissing the claim of Vandyke, and allowing the marshal to proceed with the sale of the property levied on.