CAMERON vs. ABBOTT.

[BILL IN EQUITY FOR SPECIFIC PERFORMANCE.]

1. *Allegations of bill.*—An allegation in a bill, that complainant "is informed" of the existence of a material fact, is not an averment that such fact exists.

2. *Same.*—An allegation, that two of the defendants, who have the legal title to the lands in controversy, "have no claim to said land, or any portion thereof, or any interest therein, which, in equity and good conscience, can counteract or overreach complainant's complete equity," is but the statement of a conclusion, and not the averment of facts.

3. *When trust will be implied against holder of legal title.*—Where a bill, seeking the specific performance of a contract for the sale of land, shows on its face that one of the defendants, through whom the plaintiff does not deduce his title, holds the legal title to the land by patent from the United States, it must also show that the legal title is subordinate to the equitable title under which the plaintiff claims; otherwise, the bill is without equity as against the holder of the legal title.

4. *Proof without allegations.*—Relief cannot be granted on matters admitted and proved, when not supported by the requisite allegations in the bill.

5. *Dismissal of bill without prejudice.*—Where the bill is without equity as to one of the defendants, for want of proper allegations, but the answers and proof establish a case for equitable relief against him, the bill should not be dismissed absolutely as to him.

6. *Decree reversed and rendered.*—If a bill is dismissed absolutely by the chancellor, when it should only be dismissed without prejudice, the appellate court will reverse the decree, at the instance of the complainant, and itself render the proper decree.

APPEAL from the Chancery Court of Tallapoosa.

Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by Benjamin H. Cameron, against Job Taylor, Daniel Neves, Joseph Bryan, Thomas J. Abbott, Alfred Johnson, and Moses Bentley, to enforce the specific performance of a contract for the sale of a tract of land, which Cameron purchased from Bentley, who bought from Johnson, who bought from Taylor, by and with the consent of Neves. The bill alleged, that said Taylor and Neves purchased the land prior to 1838, but did not state from whom they purchased; that Taylor afterwards sold to Johnson, by and with the consent of Neves, and executed to him a bond, conditioned to make titles when patents should issue for the same; that this bond was canceled when Johnson sold to Bentley, and a new bond was then executed to Bentley, by Johnson, Taylor and Neves jointly, conditioned as the former had been; that this latter bond was assigned by Bentley to Cameron when the contract of sale between them was made; that each of these parties entered into possession under his purchase, and made valuable improvements on the land; that patents were afterwards issued to Taylor, Neves, Bryan, and Abbott; that complainant "never heard of any claim which said Bryan and Abbott had to said lands, until he saw their names in the patents, nor does he yet know whether they pretend to have any real claim to said lands;" that he "is informed that said Abbott and Bryan were requested by said Taylor and Neves to have patents issued for said lands, with other lands, and that they run their names into those patents so as to secure their fees;" and complainant charged, "that said Abbott and Bryan have no claim to said lands, or any portion thereof, or any interest therein, which, in equity and good conscience, can counteract or overreach" his complete equity.

Abbott demurred to the bill, for want of equity, and the chancellor sustained the demurrer; but he rendered a decree for the plaintiff against the other defendants. The sustaining of the demurrer, and the dismissal of the bill as to Abbott, are the matters now assigned as error.

CHILTON, MORGAN & CHILTON, for the appellant.

No counsel appeared for the appellee.

WALKER, J.—The patent to the land in controversy in this case is averred in the bill to have issued to Job Taylor, Daniel Neves, Joseph Bryan, and Thomas J. Abbott. It is clear that, if nothing to the contrary be shown, the patent must be regarded as evidence, alike at law and in equity, of title in those in whose favor it issued. Masters v. Eustis, 3 Porter, 368; Crommelin v. Minter, 9 Ala. 594. Therefore, we must regard the bill as showing a good legal and equitable title, to an undivided one-fourth of the land, in the defendant Abbott, as one of the four tenants in common to whom the patent issued, unless some averment in the bill shows the contrary.

The bill states the purchase by the complainant from Moses Bentley, and the assignment by the latter to him of a bond for titles given by Alfred Johnson, Job Taylor and Daniel Neves; and also a purchase by Alfred Johnson from Job Taylor, with the consent of Daniel Neves, and the execution of bonds for title by Job Taylor to Johnson. The bill avers, also, that Job Taylor and Daniel Neves purchased the land; but it does not state from whom the purchase was made, or that the person from whom the purchase was made had any interest or title to the land or connection with it. If the bill had shown that Job Taylor and Daniel Neves had purchased the land from a Creek reservee, and obtained a deed which was approved by the president, and upon which the patent afterwards issued in the name of the four persons, the equitable title would be in the complainant, and Abbott would be held a trustee for him. But the bill fails to show that the complainant derived any title or right, either perfect or imperfect, by his purchase, by the omission to show that those under whom he held had any right or title or any kind of interest in the land. There is nothing in the bill, which shows that the inchoate right to public land, which may be acquired before the issue of a patent, was vested either in the complainant, or those under whom he held.

There are two sentences in the bill, upon which the

pleader may have relied to give it equity as against Abbott and Bryan. Those two sentences are in the following words : "*Your orator is informed,* that said Abbott and Bryan were requested by said Taylor and Neves to have patents issued for said land, and other lands, and that they run their names into those patents, so as to secure their fees. Your orator charges, that said Abbott and Bryan have no claim to said lands, or any portion thereof, or any interest therein, which, in equity and good conscience, can counteract or overreach the complete equity of your orator, coupled with his adverse actual possession." The former of those sentences is not an averment, but a mere statement of what the complainant had heard.—Jones v. Cowles, 26 Ala. 612; Read v. Walker, 18 Ala. 323. The latter is not the averment of a fact, but of a conclusion, without the merit of stating the facts upon which the conclusion is predicated.

The demurrer of Abbott was, therefore, properly sustained to the bill, and the complainant's bill was properly dismissed as to him.

If it be true that the answer states facts, and the testimony proves them, upon which the complainant would be entitled to a decree against Abbott, it will not avail the complainant, because he was entitled to no decree not authorized by the allegations of the bill. All he can claim is, that the bill, so far as it related to Abbott, should have been dismissed without prejudice to his right to file another bill against him. That was the decree in relation to Abbott which should have been rendered by the chancellor; and as the chancellor dismissed it absolutely as to Abbott, we must reverse the decree in that respect, and render it as above indicated ; and in all other respects the decree of the chancellor is affirmed. The appellant must pay the costs of the appeal.