## O'BANNON *vs.* MYERS' EXECUTORS.

[BILL IN EQUITY FOR FORECLOSURE OF MORTGAGE.]

<div style="float:right">36 551<br>99 459</div>

1. *Affidavit of lost instrument.*—When a party comes into equity to obtain the benefit of an instrument properly belonging to the jurisdiction of a court of law, on the ground that it is lost, an affidavit of its loss must accompany the bill; but this rule does not apply to a bill for the foreclosure of a mortgage, given to secure the payment of a note which is alleged to be lost.

2. *Proof of note by recitals of mortgage.*—The recital of a note in a mortgage given to secure it, although it does not estop the mortgagor from denying the existence of the note as recited, is not sufficient to overcome his sworn denial of its existence in his answer to a bill in chancery.

3. *Variance.*—There can be no decree in chancery, in favor of the complainant, without a substantial correspondence between his allegations and proof.

APPEAL from the Chancery Court at Wetumpka.
Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by the executors of Claiborne Myers, deceased, against Joseph D. O'Bannon, for the purpose of foreclosing a mortgage on a lot in the town of Prattville, which purported to have been given to secure the payment of a note for $600, executed by said O'Bannon, on the 20th January, 1852, and payable to said Claiborne Myers, or bearer, on the 1st January, 1853. The bill alleged, "that the note has been lost or destroyed, as complainants believe, and has not been paid or other-

wise discharged ;" and was sworn to, by both of the com-
plainants, in the usual form.   The defendant answered,
on oath, denying his indebtedness to the testator, and the
existence of the note described in the mortgage; alleging
that the mortgage was given and intended to secure the
testator against his liability, as surety for the defendant,
on two notes to one Spigner, which together amounted to
about $500, and, by mistake of the attorney who wrote
it, misdescribed the demand intended to be secured; and
praying that the answer might stand as a cross bill for the
reformation and satisfaction of the mortgage.   On final
hearing, on pleadings and proof, the chancellor rendered
a decree for the complainant, and dismissed the cross bill,
at the costs of the defendant; and his decree is now as-
signed as error.

N. S. GRAHAM, for appellant.

ELMORE & YANCEY, *contra*.

A. J. WALKER, C. J.—In this case it was not neces-
sary that an affidavit of the loss of the note, secured by
the mortgage, should have accompanied the bill of fore-
closure.   When a bill is filed to obtain the benefit of an
instrument properly belonging to the jurisdiction of a
court of law, upon the ground that it is lost, an affidavit
of the loss of the instrument is required.   The requisition
of the affidavit is a caution required by the chancery court
in permitting a transfer of jurisdiction from the court of
common law to a court of equity.— 1 Mad. Ch. Pr. 27–28;
1 Dan. Ch. Pl. & Pr. 449; Story's Eq. Pl. § 478; Whit-
church v. Golding, 2 P. Wms. 541; Walmsley v. Child,
1 Vesey, sr. 341–345; Hove v. Harrison, 11 Ala. 499,
504; Owen v. Paul, 16 Ala. 130.   The object of the bill
in this case is the foreclosure of a mortgage,—a matter of
which a court of law has no jurisdiction.   The entertain-
ment of the cause by a court of equity involves no change
of jurisdiction, and the affidavit was not necessary.

[2.] The complainants did not produce the note, to se-
cure which the mortgage was given.   The bill alleges the
execution and loss of the note.   The defendant denies

the execution of the note, in a sworn answer; there being no waiver of an affidavit of the truth of the answer. The complainant adduces no proof of the existence and contents of the note, save the recital in the mortgage. Does the recital in the mortgage, which is under seal, establish the existence and contents of the note ?

The modern doctrine unquestionably is, that the recital of an instrument in a deed is, as a general rule, primary and conclusive evidence of such instrument, against the grantor and his privies. This doctrine, although it is opposed by some of the English text-books, is too well established by judicial decisions to be now controverted. Carver v. Jackson, 4 Peters, 1–83; Crane v. Morris, 6 Peters, 598; Jackson v. Parkhurst, 9 Wendell, 209; Jackson v. Brooks, 8 Wendell, 426; Dunn v. Cornell, 3 Johns. Cas. 174; Jackson v. Livingston, 10 Johns. R. 384; Hoyatt v. Phifer, 4 Dev. Law, 273; Scott v. Douglass, 7 Ohio, 228; Wayman v. Taylor, 1 Dana, 527; 2 Smith's Lead. Cases, top 609, 640, 687; 1 Phil. on Ev. C. & H's notes, (4 ed.) 473, n. 130; 2 ib. 574, n. 476; Graham v. Lockhart, 8 Ala. 9–24; Mead v. Steger, 5 P. 498; Brooks v. Maltbie, 4 S. &. P. 96. While the general rule is as above stated, there are exceptions to it; and we think the recital of a note, in a mortgage given to secure its payment, ought to be excepted from the operation of the rule. The South Carolina court of appeals, having before it the question, whether the recital in a mortgage deed of the bond secured by it dispensed with the production of the bond, held, in general terms, that the recital of an instrument in a deed was not primary evidence of the instrument. We cannot concur in that proposition. But the court, in fortifying its conclusion, gives some special reasons why the recital of a bond in a mortgage should not be primary evidence. Those reasons are, that the bond is assignable, and payments are usually endorsed upon it; and the production of the instrument should be required, to guard against a foreclosure in favor of a party who had transferred the bond, as well as to prevent the deprivation to the defendant of the evidence of payment.—Chewning v. Proctor, 2 McCord's Ch. R.

36

11. In a New York case, the same reasoning as to the recital of a mortgage in another deed is advanced in the following guarded language: "Although the existence of an absolute deed or lease may be proved by a recital, against the party making such recital, and all claiming under him; yet, I incline to think, that a mortgage can not be so proved, because it is defeasible by payment of the mortgage-money; and if produced, it might probably show an acknowledgment of satisfaction on the back of it, that being the usual mode."—Jackson v. Davis, 18 Johns. R. 7. Aside from the consideration, that payments are usually endorsed upon notes, the inconvenience and injustice which might result from dispensing with the production of a note secured by the mortgage sought to be foreclosed, are so great, that we think the recital in the mortgage, as to the note, should constitute an exception to the general rule, and that the mortgagor should not be estopped from denying the existence of the note as recited in the mortgage.—Singleton v. Gayle, 8 P. 273; Bennett v. Taylor, 5 Cal. 502.

The recital in the mortgage is, however, a solemn admission of the existence and contents of the note. The affidavits of the complainants make out a *prima-facie* case of loss. It may, therefore, be conceded, that in the absence of the advantage which the mortgagor has by virtue of his sworn answer, the failure to produce the note would be sufficiently explained, and the note sufficiently established. But the admission contained in the mortgage is not sufficient evidence to overcome the positive denial of the answer: it is not equivalent to the testimony of two witnesses, or of one with corroborating circumstances. The complainants have, therefore, failed to establish the existence of the debt, as described in the mortgage and averred in the bill.

It is possible that the evidence may show, that the mortgagor was under a liability to the mortgagee at the date of the mortgage, to a less amount, and of different character from that mentioned in the recital in the mortgage and described in the bill. If such be the case, the complainants were not entitled to a decree of foreclosure

under their present bill. There can be no decree in chancery, without a substantial correspondence between the allegations and proof.

There was no error in dismissing the cross bill. The evidence of the witness Spigner does not authorize a reformation of the mortgage.

Decree reversed, and cause remanded.