# Winter *v.* Merrick & Sons.

*Bill in Equity for an Equitable Attachment.*

1. *Allegata and probata must correspond.*—The rule prevails in both courts of law and equity, that the *allegata* and *probata* must substantially correspond. However cogent may be the proof, and however just may be the complainant's demand, no relief can be granted without the requisite allegations being made in the bill.

2. *Allegata and probata; when a fatal variance between.*—Where the complainant, a married woman, in a bill seeking an equitable attachment, alleges that the *whole* of the money sought to be recovered is *her* property, constituting a portion of her statutory separate estate, and the proof shows that she had only a *life interest* in the money, with *remainder* to her children, the variance between the allegations and proof is fatal.

3. *Same; under Code, bill amendable to cure variance, if claimed before decree.*—This court incline to the opinion that, under the present statute authorizing amendments (Code, § 3790), unlike the practice which formerly prevailed, such a variance between the allegations and proof may be cured by amendment, but the right to amend must be claimed in the court below before final decree dismissing the bill.

APPEAL from Montgomery Chancery Court.

Heard before Hon. II. AUSTILL.

The bill in this cause was filed on 6th December, 1870, by Mary E. Winter, a married woman, by her next friend, against Merrick & Sons and the Montgomery Gas Light Company, a body corporate, and sought, by an equitable attachment, to condemn a debt due from said corporation to Merrick & Sons, to the satisfaction of an alleged equitable demand which was held by complainant against Merrick & Sons. The opinion states as much of the case made by the record as is necessary to a proper understanding of the points decided therein.

DAVID CLOPTON and BRAGG & THORINGTON, for appellant.

W. A. GUNTER and H. C. SEMPLE, *contra.*

SOMERVILLE, J.:—The decree of the chancellor, in this case, must be affirmed because of a fatal variance between the allegations of the bill and the proof disclosed in the record.

It is a rule prevailing in both courts of law and of equity that the *allegata* and *probata*—the matters *alleged* and those *proved*—must substantially correspond. However cogent may be the proof, and however just may be the demand of the complainant, no relief can be granted without the requisite allega-

[Hall v. Cook.]

tions being made in the bill.—*Flanagan v. State Bank*, 32 Ala. 508; *Cameron v. Abbott*, 30 Ala. 416; *O'Bannon v. Myer's Ex'rs*, 36 Ala. 551.

The allegation made in complainant's bill, as to her ownership of the money sought to be recovered of the defendants, is, that the *whole* of said money is *her* property, and constitutes a portion of her separate estate. The proof clearly shows that she had only a *life interest* in the money, or claim, and that the *remainder* went to her *children*.

This precise point has been twice ruled on by this court, and in both instances it was held to be a *variance*, and, under the old practice, not amendable.—*Crabb's Adm'r v. Thomas*, 25 Ala. 212; *Larkins v. Biddle*, 21 Ala. 252.

We hold to the authority of these cases, so far as concerns the doctrine of variance, but incline to the opinion that the defect would be amendable under our present statute.—Code, 1876, § 3790; *Hinton v. Ins. Co.* 63 Ala. 488; *Jones v. Reese*, 65 Ala. 134.

However this may be, the right of amendment should have been claimed before final decree in the lower court.—*Brock v. S. & N. Ala. R. R. Co.* 65 Ala. 79. It may be that, had the chancellor granted the complainant relief and the case had been reversed here for this defect, we might have remanded the cause so as to afford an opportunity of amendment. But the rule is different where the bill is dismissed by the lower court, except, perhaps, where the bill has equity, and the dismissal is for want of proper parties, in the absence of a demurrer on this ground.—*Stone v. Hale*, 17 Ala. 557. This is not, however, a question of parties, but a matter of variance in the *title* as alleged in the bill and that disclosed in the proof, which are essentially different. There are other grounds which would also justify the affirmance of the chancellor's decree, but it is unnecessary that we should consider them.

Affirmed.

STONE, J., not sitting.