# Thompson *v.* Gordon.

*Bill in Equity by Purchaser, for Specific Performance of Contract for sale of Land.*

1. *Contract for sale of lands; sufficiency of description.*—A written agreement to sell "forty acres of land," without other descriptive words, is void for uncertainty.

2. *Parol evidence removing ambiguity, and identifying land sold.*—As to the sufficiency of the parol evidence adduced in this case, showing the particular tract of land of which the purchaser was placed in possession, and thereby removing the uncertainty and ambiguity of description contained in the written contract, the court expresses no opinion, but cites the following cases: *Chambers v. Ringstaff,* 69 Ala. 140; *Ellis v. Burden,* 1 Ala. 458; *Mead v. Parker,* 115 Mass. 413; *Holmes v. Evans,* 48 Miss. 247.

3. *Bill for specific performance; when prematurely filed.*—A bill for specific performance is prematurely filed by the purchaser, when the purchase-money has not been paid, and, by the terms of the contract, is not due until a future day; as where the contract stipulates that the vendor "is to give him three years to pay, without interest," and is not bound to convey until the purchase-money is paid, and the bill is filed before the expiration of the three years.

APPEAL from the Chancery Court of Lowndes.
Heard before the Hon. JOHN A. FOSTER.

J. F. CLEMENTS, for appellant.

HOUGHTON & TYSON, *contra.*

SOMERVILLE, J.—The bill is for specific performance of the following written agreement: "I, T. T. Gordon, do agree to sell Rufus Thompson *forty acres* of land, at three dollars per acre, and to give him *three years* to pay for it, without interest." The vendee was placed in possession of a certain forty acres of land, which he describes in the bill, as the tract intended to be sold him. The agreement was dated February 23, 1880; and the bill was filed in June, 1882. The offer is made by complainant to pay the purchase-money, "when the same shall be due,—the time of payment not having arrived at the commencement of suit.

The agreement, on its face, is manifestly void for uncertainty in the description of the land. But we need not decide that the parol evidence, showing that the vendee was placed in possession of the premises, was not sufficient to remove this ambiguity, by extrinsic identification of the subject-matter of sale.

[Walker v. Allen.]

*Chambers v. Ringstaff*, 69 Ala. 140; *Ellis v. Burden*, 1 Ala. 458; *Mead v. Parker*, 115 Mass. 413; s. c., 15 Amer. Rep. 110; Fry on Spec. Perf. § 166; Waterman Spec. Perf. § 236; *Holmes v. Evans*, 48 Miss. 247; s. c., 12 Amer. Rep. 372.

The chief point of defect is, that the bill is filed prematurely. The agreement does not contemplate a conveyance of the land, until the purchase-money was paid by the vendee. The complainant prays for specific performance, at a time when the vendor could .not have been compelled to receive the purchase-money, had it been tendered; and he only offers to pay when the same "shall be due,"—which was not until about eight months after the bill was filed.

We need discuss none of the other grounds, upon which we think the decree of the chancellor dismissing the bill can be sustained.

The decree is affirmed.