# Meyer Bros. v. Mitchell.

*Bill in Equity for Specific Performance of Contract for Purchase of Land.*

1. *Contract for sale of land ; when void for uncertainty in description.* A contract for the sale of land, described therein as " sixty acres Comida and Cone bottom, also ten acres hillside woodland adjoining the Mitchell tract," unaided by extraneous evidence of identification of the land intended to be sold, is void for uncertainty.

2. *Same ; when description of land aided by parol.*—It is, however, competent to show by parol evidence, in aid of such contract, that, in pursuance of its terms, the land intended to be sold was pointed out and designated by the parties, and that the purchaser was placed in possession thereof; and when thus aided, the ambiguity is cured, and the land identified by the acts and conduct of the parties.

3. *Same ; statute of frauds ; when party estopped from pleading it.* Where a party bids in a tract of land at a public sale made by the administrator of a decedent's estate, under a decree of the chancery court, and afterwards, and before complying with the terms of sale, he transfers his bid to another in consideration that the latter will convey to him a portion of the land when he acquires title from the administrator, and to this the administrator assents, reports the sub-purchaser as purchaser, and thereafter, on payment of the purchase-money, conveys the entire tract to him, he is thereby estopped from denying the validity of the sale made by the administrator, or from asserting that is void under the statute of frauds.

4. *Specific performance of contract ; when decreed against privies.*—The rule is, that when specific performance of a contract would be decreed between the original parties, it will be decreed between all persons claiming .by privity under them, unless some intervening equity prevents; and a purchaser of land, with notice of a prior executory contract for the sale of the same land, stands in the shoes of his vendor, and holds his acquired title as trustee, and subject to the equities of the prior purchaser.

5. *Deposition ; when motion to suppress properly overruled.*—The deposition of a party examined as a witness in his own behalf should not be suppressed on the ground of a failure on his part to answer certain cross-interrogatories propounded to him, when there is nothing in his answers evincing an effort to evade the disclosure of facts within his knowledge, and, considering his comparative intelligence, all the questions propounded to him on cross-examination seem to have received answers fairly and substantially responsive.

6. *Exceptions to testimony ; when failure of chancellor to rule on, with-*

[Meyer Bros. v. Mitchell.]

*out injury.*—The failure of the chancellor to rule on exceptions to testimony, if it can be regarded as error, is error without injury, when his decree can be sustained by other testimony, to which no exceptions were taken.

7.   *Contract attested by subscribing witnesses ; proof of execution.*—In a suit in equity for the specific performance of an executory contract for the sale of land, against the vendor and another claiming under him by subsequent conveyance, the execution of the contract, if denied by the latter, must be proved, although the denial is not under oath ; and if the contract is attested by subscribing witnesses, its execution must be proved by one or more of such witnesses, unless sufficient excuse is shown for not producing them.

8.   *Specific performance of contract for sale of lands ; when averments of bill insufficient.*—Proof without allegation is as fatal to relief as is allegation without proof; and hence, in a suit in equity for the specific performance of a contract for the sale of lands, which, unaided by extraneous evidence, is void for uncertainty in the description, relief can not be granted in the absence of averments identifying the lands, although they are sufficiently identified by the proof.

APPEAL from Dallas Chancery Court.

Heard before Hon. N. S. GRAHAM.

This was a bill in equity, exhibited, on 17th May, 1882, by Andy Mitchell against Marcus, Joseph and Ferdinand Meyer, a mercantile partnership trading under the firm name of Meyer Bros., and against Carlos D. Rainey and R. B. Lovett, seeking the specific performance of a contract of purchase of land made by the complainant with the defendants Rainey and Lovett, who afterwards sold and conveyed the lands to their co-defendants, Meyer Bros.

As appears from the record, on 3rd December, 1877, the administrator of the estate of Alanson Saltmarsh, deceased, sold at public outcry, under a decree of the chancery court of Dallas county, several tracts or bodies of land situate in said county ; and at the sale one of these tracts, known as " Tract H," and containing eight hundred and forty acres, was bid off by, and knocked down to the complainant as purchaser; the terms of sale being half cash, and the balance payable at twelve months, with interest. On 12th December, 1877, and before the complainant had made the cash payment on his purchase, he and the defendants, Rainey and Lovett, entered into a written contract, by which the complainant, in consideration of sixty acres of the land purchased by him and a house, transferred his bid and interest in the purchase made by him to them.   That contract, omitting the signatures, is as follows: " We, R. B. Lovett and D. C. Rainey, have this day, the twelfth day of December, agreed to give Andy Mitchell sixty acres of land, viz., fifty acres Comida and Cone bottom, also ten acres hillside woodland, joining the Mitchell tract; also one double house.   In consideration of this, Andy has this day transferred his bid and interest in eight hundred and forty

acres of the Saltmarsh land to said Mr. Lovett and said Mr. Rainey." ' This contract was signed by all the contracting parties and was attested by subscribing witnesses. The boundaries of the sixty acres to be retained by the complainant under the contract were discussed and understood at the time of the execution of the contract, and afterwards, were pointed out and designated by the parties, and the complainant was placed in possession of the land, and continued to remain in possession thereof, holding and claiming it under said contract, until some time in 1880, when Meyer Bros. took possession, repudiating the contract, and refusing to perform it by executing a conveyance thereof to the complainant, as demanded by him. The administrator of Saltmarsh's estate was informed of the contract soon after its execution, assented to it, and in his report of the sale, substituted Rainey as purchaser in place of the defendant, Lovett having retired, or by some arrangement with Rainey, not definitely shown, let the latter have his interest in the contract.   Afterwards, the purchase-money having been paid and the sale confirmed, the administrator, under the orders of said court, conveyed the entire tract bid in at said sale by the complainant to Rainey, who went into possession of the land, except the sixty acres retained by complainant, shortly after said contract was executed, and continued in possession until some time in the early part of 1879, when, for a valuable consideration, he conveyed the entire tract to Meyer Bros., who purchased with knowledge of complainant's contract and possession.   The boundaries of the land which complainant was to have under said contract, are shown by the proof, but not by the averments of the bill.

Meyer Bros. answered the bill, denying the execution of said contract between complainant and said Rainey and Lovett, as well as the other material facts of the bill relied on for relief; setting up the statute of frauds both as to the complainant's purchase at the administrator's sale, and as to the contract made by him with Rainey and Lovett; and insisting that they were purchasers for value, and without notice of said contract, or of complainant's interest in the land claimed by him.   Decrees *pro confesso* were taken against the other defendants.

The chancery court overruled a motion made by Meyer Bros. to suppress the deposition of the complainant for an alleged failure to answer certain cross-interrogatories propounded by them to him, he having been examined as a witness in his own behalf; and the court also overruled objections made by said defendants to the introduction of said contract in evidence, and allowed it to be read; but failed to pass on objections made by them to parts of depositions taken and offered in evidence on behalf of the complainant.

[Meyer Bros. v. Mitchell.]

On the hearing, had on pleadings and proof, the chancellor caused a decree to be entered, granting relief to the complainant; and that decree, and the rulings above noted are here assigned as error.

WHITE & WHITE, for appellants.

SUMTER LEA, contra.

SOMERVILLE, J.—The bill is one for specific performance of a contract for the sale of land, having been filed by the vendee, Mitchell, against his vendors, Lovett and Rainey, and Meyer Bros., who were sub-purchasers under them, declining to recognize their contract of sale with the complainant.

There can be little or no doubt of the fact, that the description of the land agreed to be conveyed, as set out in the written agreement signed by the defendants, Lovett and Rainey, is void for uncertainty, standing alone and unaided by other and extraneous evidence identifying the subject-matter of the sale. This description is simply " sixty acres of land, viz., fifty acres Comida and Cone bottom; also, ten acres hill-side woodland [ad]joining the Mitchell tract."—*Thompson v. Gordon,* 72 Ala. 455.

The bill, however, alleges that, pursuant to the terms of the agreement, the particular sixty acres of land intended to be sold and conveyed was pointed out and designated by the parties, and that the complainant, Mitchell, was *placed in possession* of it, having done what was legally tantamount to the full payment of the purchase-money. Whether an ambiguity of this nature can be removed by oral evidence of surrounding facts, showing the situation and circumstances of the contracting parties, and serving to identify the subject-matter of sale, is a question in regard to which the authorities are greatly conflicting.—*Thompson v. Gordon, supra.* The general rule, everywhere recognized, is, that mere verbal declarations as to what was intended, are not admissible in explanation of the terms of the writing itself. A just exception to this rule, however, is found in parol evidence going to *the identification of the subject-matter,* a principle which seems to have been much favored by the past decisions of this court.

In *Chambers v. Ringstaff,* 69 Ala. 140, a description of lands in a mortgage, void on its face for ambiguity, was allowed to be aided by oral evidence showing that the grantor owned and resided on certain lands in this State, which were known and described by the same numbers as those employed in the mortgage. The ambiguity there arose from the fact that the description employed in the instrument was, on the face of it,

[Meyer Bros. v. Mitchell.]

equally applicable to many tracts of land located in various government surveys. The conclusion was reached upon the principle that parol evidence was admissible to show the surrounding or attendant circumstances under which the contract was made, and to identify the subject-matter to which the parties referred.

The case of *Ellis v. Burden*, 1 Ala. 458, decided by this court more than forty years ago, is a strong authority in support of the same principle as applicable to the present case. The defendant had there agreed in writing to execute a deed to complainant, conveying to him *three* of *sixteen* tenements, which the complainant had contracted to build, each tenement being rated at one thousand dollars in value. The written agreement was defective in not stating either the size of the lot to be conveyed, *which three* of the sixteen tenements were to be included, or the covenants which the deed was to contain. Parol evidence was held admissible to show that, while the work was in progress, the defendant had verbally agreed with the complainant as to which three particular tenements were to be selected and conveyed, that the selection was accordingly made, and upon this proof the complainant was decreed specific performance. This case may, perhaps, have gone too far in extending the application of a sound principle. It can be justified only on the theory that the selection of the three tenements was an *act* of negotiation, performed by the parties in the construction of their contract. It was an attendant *fact*, rather than a mere verbal declaration.

The case of *Mead v. Parker* (115 Mass. 413), 15 Amer. Rep. 110, presents a sound illustration of the principle under discussion. The property there agreed to be conveyed was described only as "a house on Church street." The court declared that it was not a question of the sufficiency of the writing under the statute of frauds, so much as of the right to resort to parol evidence in aid of the writing, with the view of identifying an ambiguous subject-matter. Parol evidence was admitted, showing the circumstances of possession, ownership, the situation of the parties, their relation as to each other and to the property, "as they were when the negotiations took place and the writing was made." It was said that the case could not be distinguished from *Hurley v. Brown*, 98 Mass. 545, where the writing disclosed an agreement for the sale of "a house and lot situated on Amity street," where parol evidence was admitted to identify the property intended to be sold.

The evidence shows, in the case at bar, that the complainant was placed in possession of sixty acres of land, under the written agreement to convey, a description of which is in accordance with the more general one given in the writing itself. This

was, in our opinion, an act of the contracting parties conclusive of the identification of the subject-matter of sale. When aided by parol proof of this fact, the contract of conveyance was relieved of all ambiguity or uncertainty in this particular. The views of the chancellor as to this phase of the case are free from error.

The statute of fraud has no room for operation in this case. The complainant was possessed of a valuable right in his *accepted bid* for the tract of land purchased by him at auction sale from the administrator of Saltmarsh's estate. This tract included the sixty acres here claimed. The defendants, Lovett and Rainey, recognized not only the legal validity and binding force of the bid, but also its pecuniary value, and by this admission induced the complainant to stand aside and permit them to be *placed in his shoes*. This the complainant did, and thus they reaped the fruits of complainants' confidence induced by their own conduct. The administrator was the only party who could interpose the defense of the statute of frauds. He waived this objection, and, recognizing the validity of the sale, as well as the transfer of the complainants' bid, executed a deed to Rainey, which was done with Lovett's consent. Under this state of facts, Lovett and Rainey were *estopped* from denying the validity of the sale, or to assert that it was void under the statute of frauds. Having secured a valuable right by this admission, upon the faith of which complainant was induced to act to his prejudice, they and their privies in estate, Meyer Brothers, must now stand by the admission, whether it be true or false.

It is manifest that when the defendants, Meyer Brothers, purchased from Rainey the entire tract of land, described in the pleadings as tract " H," and containing about eight hundred and forty acres, they took it subject to any existing equity in favor of the complainant, Mitchell, of which they had notice, actual or constructive. The rule is, that when specific performance of a contract would be decreed between the original parties to the instrument, it will also be decreed between all persons claiming by privity under them, unless there be some intervening equity to prevent. A purchaser with notice stands in the shoes of his vendor, and holds his acquired title as a trustee, subject to pre-existing equities or incumbrances.—*Sawyers v. Baker*, 66 Ala. 292 ; *Brewer v. Brewer*, 19 Ala. 482 ; Willard's Eq. Jur. 298–99.

The proof is perfectly satisfactory to our mind that Meyer Brothers had notice of complainant's rights, both actual and constructive, before their purchase of these lands. The complainant was in actual possession of the sixty acre tract in controversy under his contract for purchase, and this fact operated

[Meyer Bros. v. Mitchell.]

as constructive notice of his equity.—*Brunson v. Brooks*, 68 Ala. 248. One of the firm, moreover, drafted the contract sought to be enforced in this suit, and knew that complainant was in possession of the land, claiming ownership under its provisions.

We can discover no error in the refusal of the chancellor to suppress the deposition of the complainant. We see nothing in his answers to the various interrogatories which evinces any effort to evade the disclosure of facts within his knowledge. All of the questions propounded to him seem to have received answers fairly and substantially responsive, considering the comparative intelligence of the complainant, as a witness. *Buckley v. Cunningham*, 34 Ala. 69 ; *Black v. Black*, 38 Ala. 111.

It is unnecessary to consider the failure of the chancellor to rule on the various exceptions taken by appellants to the testimony. If this could be regarded as error, it is error without injury, in as much as the decree as to these particular matters can be sustained by other testimony in the record, to which no exception is, or can be taken.

There is one exception taken to the admission of testimony, however, which should have been sustained. The written agreement sought to be enforced was attested by several subscribing witnesses, and its execution is directly and not incidentally drawn in question. As against the defendants, Lovett and Rainey, who *signed it*, the statute renders it admissible evidence without any proof of execution, unless such execution is denied by sworn plea.—*Code*, 1876, § 3036 ; *Hooper v. Strahan*, 71 Ala. 75. As against the other defendants, Meyer Brothers, however, by whom this instrument does not purport to be signed, it was clearly necessary to make proof of its execution, the statute having no application to mere strangers to the instrument. This proof could be made only by one or more of the subscribing witnesses, unless some excuse sufficient in law could be shown for not producing them.—*Ellerson v. The State*, 69 Ala. 1 ; 1 Greenl. Ev. § 569. The testimony of other than subscribing witnesses was incompetent for this purpose, unless a predicate had been first laid authorizing such secondary evidence.

For this error the decree of the chancellor must be reversed.

There is, moreover, a variance between the allegations of the bill and the proof, which seems to us fatal. This variance relates to the description of the land agreed to be conveyed. The description in the written agreement, as we have seen, is void for uncertainty, at least, without the aid of parol identification. This uncertainty is not obviated by any superadded description in the bill, although there is a general averment that the

31

[Dothard v. Denson.]

complainant was placed in possession of the lands agreed to be conveyed to him by Lovett and Rainey. If the averments of the bill had been taken as confessed, on decree *pro confesso*, the chancellor would have had no means of identifying the particular lands with such certainty as to enforce specific performance. It may be true that the testimony possibly furnishes such a description, but proof without allegation is as fatal as allegation without proof. The two must concur as well as correspond.— *Winter v. Merrick & Sons*, 69 Ala. 86. In suits of the present class seeking specific performance, great accurary of averment is exacted, and strict corresponding proof required.—*Daniel v. Collins*, 57 Ala. 625.

The decree of the chancellor is reversed, and the cause remanded for further proceedings, should the complainant see fit to obviate the variance by an amendment of his bill.