# Webb *v.* Crawford.

*Bill in Equity to enforce Trust in Lands, in nature of Bill for Specific Performance by Purchaser.*

1. *Naked trust; estate of joint grantees.*—Where the owner of lands conveys them by deed, in trust for himself and another person, imposing no duties whatever on the trustee, a dry, naked trust is created, and the legal title is vested in the beneficiaries (Code, § 2185) ; and in the absence of words creating a different estate, they hold as tenants in common.

2. *Variance between allegations and proof.*—Where the bill is filed to compel a conveyance of the legal title, in the nature of a bill for specific performance, and avers that a deed was executed to the complainants' ancestor by the trustee to whom the property had been conveyed creating a naked trust, and that this deed was executed at the instance of the two beneficiaries of the estate, on a sale made by them jointly, in payment of a debt due by them jointly ; while the proof shows that the sale was made by one of them only, and the conveyance executed at his instance, without the knowledge, assent, or subsequent approval of the other,—there is a fatal variance between the allegations and the proof.

APPEAL from the Chancery Court of Dallas.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 28th August, 1882, by John C. Webb, as the administrator of the estate of Mrs. Amanda A. Sterling, deceased, together with her four sons, against Robert C. Crawford and D. S. Troy ; and sought a decree devesting the legal title to a certain tract of land out of the defendants, and vesting the same in the complainants. The complainants claimed the lands as devisees under the last will and testament of Edwin A. Glover, deceased, and the defendants asserted title as purchasers at a sale made by the assignee in bankruptcy of Robert W. Smith and Charles Walshe, and of their late mercantile partnership, Walshe, Smith & Co. The material facts, as the case is here presented, are stated in the opinion of the court. The chancellor dismissed the bill, on final hearing on pleadings and proof, and his decree is now assigned as error.

BROOKS & ROY, for the appellant.—At law, when the plaintiff sues for the entire premises, or the entire interest therein, he may recover less than the whole.—*Tarver v. Smith*, 38 Ala. 135. In equity, also, the plaintiff may recover whatever interest the evidence shows he is entitled to, though it be not the

whole.—*Munford v. Pearce*, 70 Ala. 452. Here, the complainants are entitled to recover one half of the land at least, being the undivided interest of Walshe. If there was any fatal variance, an amendment should have been allowed, or the bill should have been dismissed without prejudice.—*Munchus v. Harris*, 69 Ala. 506.

TROY & TOMPKINS, *contra*, cited *Aday v. Echols*, 18 Ala. 353; *Ellis v. Borden*, 1 Ala. 548; *Ellerbee v. Ellerbee*, 42 Ala. 643; *Goodwin v. Lyon*, 4 Porter, 297.

STONE, C. J.—The legal title to the land which is the subject of this suit, was in Robert W. Smith. No attempt is made to trace it further back, nor to show that he held otherwise than in his individual right. He and his wife conveyed the lands by deed to C. W. Butt, in express trust to hold for Charles Walshe and for him, Smith. The deed charges the trustee with no duties. The effect of this, it is conceded, is to vest the legal title in Walshe & Smith, disrobed of the attempt to create a trust.—Code of 1876, § 2185; *Mason v. Pate*, 34 Ala. 379. Neither the title papers nor the pleadings show that Walshe and Smith held in any special capacity. The result is, that they must be treated as tenants in common. Subsequently, Butt conveyed the lands to one Glover, in payment of a debt due to him from Walshe, Smith & Co., and Glover devised them to Mrs. Sterling and her four sons. The present bill is filed by the sons and the administrator of their mother, and seeks to establish an equity in the lands, against purchasers at a bankrupt sale, made by the assignee of Walshe and Smith.

The averments of the bill, showing the conveyance from Butt to Glover—an indispensable link in complainants' equitable claim—are in the following language: "That on the day and year last aforesaid [August 31, 1873], the said Charles Walshe and Robert W. Smith made and entered into a contract with the said Edwin A. Glover, whereby they agreed to sell, and said Glover agreed to purchase said lands, in full payment and satisfaction of twenty thousand dollars of the aforesaid indebtedness, and to make, or cause to be made and executed to said Glover, good and sufficient titles in fee simple to said lands; and that said Charles Walshe and Robert W. Smith assured said Glover that the legal title to said lands was in the said Cary W. Butt, in trust for them, and that a deed of conveyance executed to said Glover for said lands would be sufficient to invest said Glover with a good and sufficient title to said lands, as by said contract is provided." The bill then avers that the title was so made by Glover to Butt. This averment

is substantially put in issue by unsworn answer of the defendants.

The only testimony offered, tending to prove the truth of this averment, is that of Charles Walshe. He testified as follows: "Said deed was executed by Mr. Butt at my instance and request, as a member of the firm of Walshe, Smith & Co., and at that time I was managing the business of my firm. My partner, Mr. Robert W. Smith, was an invalid for several months about that time, and did not attend to any business. I do not recollect of any positive expression of approval of the making of that deed to him." There is no proof that Robert W. Smith was ever informed of the conveyance to Glover. True, in his cross-examination, Walshe testified, that " the firm of Walshe, Smith & Co. was at that time indebted to Mr. Glover, and the said deed to Cary W. Butt in trust conveyed to him property belonging to Walshe, Smith & Co., for the purpose of paying a debt due to Mr. Glover from that firm." There is, however, no averment in the bill to let in this proof ; and, if the facts be averred and shown as Mr. Walshe testifies to them, it would still present a question, not necessary to be here decided, whether Walshe alone did, or could, create an equity in Mr. Smith's part of the land.—*Espy v. Comer*, 76 Ala.

It is contended for appellant, that the foregoing discrepancy between the averments and the proof presents only the question, often met, of a suit for the whole, with proof of right, the same in character, to only a part of the thing sued for. That is not the question this record raises. The averment of the bill, not sustained by the proof, is a necessary link in the chain of averred facts, on which complainants found their equitable right to relief. Between such averred facts and the proof, there must be harmony in all that is of substance. To authorize relief, sufficient facts must be averred, sufficient proof made, and the averments and proof must agree. Less than this last requisite is a fatal variance.—*Floyd v. Ritter*, 56 Ala. 356; *Meadors v. Askew, Ib.* 584; *McKinley v. Irvine*, 13 Ala. 681; 1 Brick. Dig. 743, §§ 1538, '39, '40; *Winter v. Merrrick*, 69 Ala. 86; *Munchus v. Harris, Ib.* 506; *Conner v. Smith*, 74 Ala. 115; *Young v. Hawkins, Ib.* 370; *Junkins v. Webb*, 72 Ala. 303; *Hooper v. Strahan*, 71 Ala. 75; *Lewis v. Montgomery Mut. B. & L. Asso.*, 70 Ala. 276; *Helmetag v. Frank*, 61 Ala. 67; *Schaffer v. Lavaretta*, 57 Ala. 14; *Rea v. Longstreet*, 54 Ala. 291.

There are other grave questions presented by this record, upon which we intimate no opinion whatever.—*Banks v. Ogden*, 2 Wall. 57; *Baily v. Glover*, 21 Wall. 342; *Jenkins v. International Bank*, 106 U. S. 571; Bump on Bankruptcy, 10th ed. 558 *et seq.* Lest, however, we may do the complainants an

unwitting injury, we will so for modify the decree of the chancellor, as to make it a dismission without prejudice.

So modified, the decree of the chancellor is affirmed.

CLOPTON, J., not sitting.