# Cook *et al. v.* Bolling & Son.

### Bill of Review.

1. *Variance; relief can not be granted without allegations.*—Relief can not be granted for matters not alleged, although the evidence may disclose a right to recover; and hence, if, in a suit in equity to foreclose a mortgage, the individual members of a partnership are made parties defendant, but not in their partnership names,

[Cook et al. v. Bolling & Son.]

and the bill, neither in its averments nor prayer, seeks to enforce the collection of an indebtedness from said firm, a decree against the firm is erroneous, and a bill to review and annul said decree is maintainable.

APPEAL from the Chancery Court of Crenshaw.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed by Rufus Cook, on November 10, 1890, against R. E. Bolling & Son; and sought to have reviewed and set aside a decree rendered in a suit brought by the said Bolling & Son, against W. H. Cook, Jefferson Cook, the complainant, and other defendants.

In his bill of complaint the complainant averred that on April 27, 1887, R. E. Bolling & Son, filed their bill of complaint against complainant, W. H. Cook, Jefferson Cook, Martha Cook and W. T. Tranum, "for the purpose of foreclosing a mortgage made by W. H. Cook and Jefferson Cook, and to have a deed made by said Jefferson Cook and Martha Cook, declared fraudulent and void as to said creditors;" that the firm of Cook Bros., composed of the complainant and W. H. Cook, was not made party defendant to the said bill of complaint; that it was alleged in said bill of complaint that the said firm of Cook Bros. was indebted to R. E. Bolling & Son, at the time of making the mortgage by W. H. Cook, (which was sought to be foreclosed); and that it was also alleged and shown in said bill of complaint that the mortgage was given to secure the payment of money which was borrowed by Jefferson Cook, for the purpose of paying up the said sum due from Cook Bros. to R. E. Bolling & Son, and also to secure the payment of an additional sum borrowed by Jefferson Cook; that upon the execution of said mortgage by W. H. Cook, the firm of R. E. Bolling & Son, delivered to W. H. Cook, the notes which evidenced the indebtedness due to them by Cook Bros.; and that these notes were marked "paid" on the face of them. The bill then avers that on July 20, 1888, the chancellor rendered a decree dismissing the bill of Bolling & Son, "for all purposes except the Pace lands, and to foreclose the mortgage executed by W. H. Cook to R. E. Bolling & Son;" and that on January 24, 1890, the chancellor rendered a final decree in said cause, and sets out that part which has special reference to the firm of Cook Bros. which is copied in the opinion of this court on the present appeal. The prayer of the bill was for a decree declaring that said final decree in the original cause of R. E. Bolling & Son against W. H. Cook, et al. be reviewed, reversed and held for naught. By amendment W. H. Cook, was made

[Cook et al. v. Bolling & Son.]

a party complainant. The defendants demurred to the bill on the following grounds: 1st. That there was no equity in the bill, because the error of law, if there be any, as averred in the bill, could have been reached by demurrer and cured by amendment. 2d. Because if the proceedings were irregular, in not making Cook Bros., as a firm, parties defendant to the complaint, complainant should have demurred to the bill, or have made a motion to dismiss it. 3d. There is no error of law apparent on the face of the decree as shown by the bill. 4th. The complainant had a clear right of appeal, and can not now be benefitted by his *laches*. 5th. The bill made the individual members of the firm of Cook Bros. parties, and the court could have properly rendered a decree against the partnership firm on the pleadings and the testimony of the case. 6th. There is no equity in the bill, because, if there was an amendable defect in the original bill, no demurrer was interposed and no objection made, and that, therefore the court very properly considered such an amendable defect cured by a submission without objection to the alleged defect.

Upon the submission of the cause upon the demurrers filed to the bill as amended, the chancellor sustained the demurrers; and the complainants bring the present appeal, and assign as error this decree of the chancellor.

I. H. PARKS and GARDNER & WILEY, for appellants.

GAMBLE & BRICKEN, and D. M. POWELL, *contra*.

STONE, C. J.—The transcript in this case is, of itself, very incomplete. It fails to fully explain the point presented for our consideration. There is an agreement, however, that the transcript in another case pending in this court may be consulted in connection with the present one. That transcript contains the entire record of the suit, which the case in hand seeks to have reviewed on an allegation of error apparent. This agreement is signed by counsel, and is certified as a part of the record in this case. There is a grave objection to this practice. It imposes on the court additional labor, and may lead to great confusion. But we will make no specific ruling on this question at this time.

We have consulted the record in the case referred to. It was a bill by R. E. Bolling & Son against W. H. Cook, Rufus Cook, Jefferson Cook and other defendants. Its purpose was to enforce the collection of a debt secured by a mort-

gage, and by certain other securities and collaterals. The claim sought to be enforced was a debt secured by note, dated Jan. 8, 1885, and due Jan. 1, 1886, for nine hundred and thirty-four dollars, with waiver of exemptions. The averment of the bill in reference to the execution of that note is as follows: "That orators · · agreed to loan, and did actually loan them the sum of nine hundred and thirty-four dollars, and to secure the same took the note and mortgage and transfer of accounts from Wm. H. Cook and Jefferson Cook." The note was signed by W. H. Cook and Jefferson Cook, but the mortgage was executed by W. H. Cook alone. They are made exhibits to the bill.

The first section of the said bill is in the following language: "That on the 8th day of January, 1885, Cook Bros., a firm composed of Wm. H. Cook and Rufus Cook, was indebted to your orators for goods sold them before that time, and that they and their father, Jefferson Cook, applied to your orators for a loan of an amount of money for the purpose of paying up said sum by Cook Bros., and also about six hundred dollars to aid Jefferson Cook in defense of a charge of pension fraud before the United States Court, as orators believe and so charge." This is the only reference in the bill to any debt due from Cook Bros. or the amount of it. To ascertain the amount would, at least, involve a calculation of interest accruing between the date and maturity of the note; for the sum of the debt due from Cook Bros. must have been the balance left of the nine hundred and thirty-four dollars after discounting, first, the sum advanced for Jefferson Cook's defense, and, second, the interest to accrue between the making and maturity of the note. Taking the averments of the bill to be true, as we must treat them on this inquiry, the sum must have been much less than three hundred dollars. As we have said, this is the only averment of a debt due from Cook Bros., and it is nowhere charged that the mortgage executed, or the collaterals placed, were intended to secure that indebtedness. From aught that appears in the bill, that former indebtedness, whatever its form or amount may have been, was a simple contract liability, accompanied by no equitable rights or liens for its enforcement. Particularly was that the case, so far as Rufus Cook is shown to have been concerned. And the bill nowhere in its averments or prayer seeks to enforce the collection of that original indebtedness of Cook Bros., nor are they made parties in their partnership name. The entire scope, purpose and prayer of the bill are to recover on the alleged negotiation and contract of W. H. Cook and Jeffer-

[Cook et al. v. Bolling & Son.]

son Cook, of date January 8, 1885 ; and in maintenance of their equity they set forth not only the written evidences of the contract, but their representations and other acts leading up to it.

Part of the decree of the chancellor rendered in that case is in the following language : "And it appearing from the report of the register that Cook Bros., a firm lately composed of Wm. H. Cook and Rufus Cook, is due and owing to complainants the sum of five hundred and seventy-three and 60-100 dollars : It is therefore ordered, adjudged and decreed that the complainants do have and recover of the said Cook Bros., a late firm composed of Wm. H. Cook and Rufus Cook, the said sum of five hundred and seventy-three and 60-100 dollars, for which let execution issue."

Under an execution issued on this decree it is manifest the sheriff would be commanded to levy, not only on the property of each of the defendants, Wm. H. and Rufus Cook, but on any property of the late firm of Cook Bros. If the chancellor could under any circumstances pronounce such decree for the enforcement of a simple, non-secured money liability, it is manifest there were no pleadings in the case before him to authorize the decree copied above.

Relief can not be granted for matters not charged, although the evidence may disclose a right to recover. "The reason of this," says Mr. Story, (Eq. Pl., § 257), "is that the defendant may be apprised by the bill what the suggestions and allegations are, against which he is to prepare his defense."—See also *Cameron v. Abbott*, 30 Ala. 416 ; *Flanagan v. State Bank*, 32 Ala. 508 ; *O'Bannon v. Myers*, 36 Ala. 551 ; *Rea v. Longstreet*, 54 Ala. 291 ; *Copeland v. Kehoe*, 57 Ala. 246 ; *Winter v. Merrick*, 69 Ala. 86 ; *Myer v. Mitchell*, 74 Ala. 475 ; *Webb v. Crawford* 77 Ala. 440 ; *Park v. Lide*, 90 Ala. 246 ; 7 So. Rep. 805 ; *Porter v. Collins*, 90 Ala. 510 ; 8 So. Rep. 80.

It is manifest from the statement of facts we have made— all of which are apparent on the face of the pleadings and in the final decree—that the chancellor erred in the decree sustaining the demurrer to the amended bill of review on any of the grounds set down.—Story's Eq. Pl., §§ 405, *et seq.*; *McDougald v. Dougherty*, 39 Ala. 409 ; *Bishop v. Wood*, 59 Ala. 253 ; *Tankersly v. Pettis*, 61 Ala. 354 ; *Goldsby v. Goldsby*, 67 Ala. 560 ; *McCall v. McCurdy*, 69 Ala. 65 ; *Smyth v. Fitzsimmons*, 97 Ala. 451 ; 12 So. Rep. 48 ; *Ashford v. Patton*, 70 Ala. 479 ; *Banks v. Long*, 79 Ala. 319.

Reversed and remanded.