(81 South. 635)

BROWN v. THOMAS et al. (4 Div. 762.)

(Supreme Court of Alabama. May 1, 1919.)

1. APPEAL AND ERROR ⬳1048(3)—REVIEW —HARMLESS ERROR.

That evidence was unfairly and illegally elicited by leading questions is not prejudicial error, where it did not affect the issues on which decree was rendered.

2. PLEADING ⬳12 — SUFFICIENCY OF ANSWER—FACTS PECULIARLY WITHIN PLEADOR'S KNOWLEDGE.

Where a seller was to be paid by giving him a share in a certain mortgage held by the buyer upon the former's making a certain deposit, it cannot be urged in an action by the seller that defendant's answers were insufficient in that his denial was merely general as to complainant's making the deposit; complainant's failure in that respect being within the particular knowledge of complainant himself.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Suit by B. S. Brown against D. T. Thomas and others. Decree for defendants, and complainant appeals. Affirmed.

H. L. Martin, of Ozark, for appellant.
J. E. Z. Riley, of Ozark, for appellees.

SAYRE, J. Complainant, appellant, sold a stock of goods to the defendant Thomas and the parties arranged for a payment of the purchase price in the manner following: Defendant owned a mortgage on real and personal property which had been given by Pilcher and wife to secure an indebtedness in excess of the agreed price of the stock of goods. This mortgage indebtedness was not yet due, had yet 30 days to run, and the mortgage was in the custody of Munn, who was keeping it for defendant. The parties agreed that for his stock of goods complainant should have an interest in the mortgage equal to the agreed purchase price, and that Munn should continue to hold the mortgage for the parties according to their respective interests until its due date, when he should collect for their benefit.

The evidence tends to show that Munn agreed to this arrangement. As a part of the arrangement complainant agreed to deposit the sum of $200 with the bank of which Munn was cashier; the purpose of this deposit being to indemnify defendant against claims to the payment of which it was anticipated creditors of complainant might seek to subject the stock of goods. Neither the pleading nor the proof further defines the form the deposit was to take, but it may be assumed that it was to be so arranged as to be accessible with reasonable convenience to the defendant in the event the thing happen-

ed it was intended to indemnify against; certainly, at the very least, it must be inferred that the deposit was to be accessible on the joint demand of the parties to the sale. Complainant deposited $200 to the credit of his daughter. Not otherwise did he comply with the stipulation for a deposit, and this was no compliance. Shortly after the mortgage debt fell due defendant demanded and received of Munn the mortgage, assigned it to Jno. E. Riley, who thereupon foreclosed by a sale under the power at which the wife of defendant became the purchaser. Possession having been demanded of them, the Pilchers, on December 31, 1908, redeemed from Mrs. Thomas. This bill had been filed November 25th, and Thomas, to whom we have heretofore referred as the defendant, his wife, Munn, Mrs. Riley, the administratrix of her husband, who died after the bill was filed, and the Pilchers, husband and wife, were brought in first and last as parties defendant.

With reservation in favor of the Pilchers, who appear very clearly to have desired only to save their unquestionable rights in the property under mortgage, it may be conceded that the assignment to Riley was upon a simulated consideration, and that the foreclosure was merely a scheme to avoid the claim of complainant to rights under the mortgage, and yet it appears that complainant cannot be awarded the status which he claims as assignee in part of the mortgage security for the reason that, by failing to make a deposit according to the necessary intendment of his contract with defendant, he failed to do that upon which his right to security depended, nor is there anything in the pleading or the proof upon which to found a decree that defendant waived this requirement of the contract. This, in substance, is the view taken by the chancellor, and this, apart from at least two serious issues of fact which we have assumed in favor of complainant, will suffice to show the propriety of an affirmance.

[1] Appellant complains that some of the testimony for appellees was unfairly and illegally elicited by leading questions, that such testimony should not have been considered over his objection, and that the chancellor should have responded to his objections which were carried forward into the note of testimony; but this complaint against the decree does not touch the point upon which we think the decree was properly made to turn, and need not be further considered. Nelms v. Kennon, 88 Ala. 329, 6 South. 744; Meyer v. Mitchell, 75 Ala. 475.

[2] Appellant also urges that the answers were insufficient in that their denials were merely general; but neither does this objection reach the material point upon which the case is made to turn. So far from the

facts with reference to complainant's failure to make the deposit being within the particular knowledge of defendants or any of them, those facts were best known to complainant. As to this point at least, then, we can assume nothing in favor of complainant. U. S. Fidelity Co. v. Pittman, 183 Ala. 602, 62 South. 784.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.