# FANO

*v.*

# ROBREDO ET AL.

---

San Juan, Equity, No. 1030.

### SPECIFIC PERFORMANCE OF LAND CONTRACT.

Specific Performance—Porto Rico.

　1. The jurisdiction as to specific performance applies as well in a civil-law territory, like Porto Rico, as in a common-law state.

Specific Performance—Elements.

　2. Specific performance is a substitute for damages where damages would be inadequate, but if no damages at all would lie, then specific performance will not lie.

Specific Performance—Admissions in Answer.

　3. Although the admissions in the answer go beyond the allegations of the contract in the complaint, the decree cannot go beyond the contract in question.

Opinion filed July 19, 1920.

---

*Mr. H. G. Molina* for plaintiff.

*Mr. C. Coll y Cuchi* for defendants.

HAMILTON, Judge, delivered the following opinion:

The bill in this case is brought to enforce specific perform-

NOTE.—On jurisdiction of equity to decree specific performance of contract affecting real estate in another state or country, see note in 69 L.R.A. 681.

ance of a contract for the conveyance of 48.62 acres of land between San Juan and Rio Piedras adjoining other property of plaintiff, made December 30, 1918, between Francisco Robledo for himself and the other defendants and the plaintiff Vincente Fano. The bill was filed August 1, 1919, and was heard on the merits.

The facts as developed to the satisfaction of the court by the evidence in the case show that in the early part of 1918 the plaintiff bought from one Arzuaga of the firm of Sobrinos de Esquiaga 34.62 acres of the tract in question at the price of $100 per acre, there being used in the Arzuaga negotiation a certain plan by Arturo Ramos Tulier dated October, 1917. This plat shows the whole tract in question of 48.62 acres, of which the portion not adjoining Fano is bounded on the north by a camino and on the west by another camino, without indicating, however, where these roads lead. On June 17, 1918, the defendants bought from Arzuaga the large tract of land called Las Monjas, comprising some 1400 acres, including the land in question. Plaintiff called upon Arzuaga, and was told that the Fano contract would be carried out by the purchasers. He had interviews from time to time with Robledo, who acted for the three defendants, or with his attorney Pesquera. On December 30 the contract now in question was executed between plaintiff and defendants as a private document, and embraced the whole 48.62 acres in question, that is to say, 14 acres more than the original Arzuaga contract, for which plaintiff agreed to pay $150 per cuerda. The contract so executed does not refer either to the map or to roads. The defendant Robledo testified that he never saw and knew nothing of the map in question, but the testimony of Robledo shows that roads or

caminos vecinales were discussed in the interviews. The evidence further shows that the one on the north side of the property is important for the owner, inasmuch as it gives an outlet to the carretara or main highway of this part of the Island. This contract provides that the total price is $5,562, of which $2,500 was paid cash, $1,000 to be paid at the delivery of the deed, and the remainder paid in two annual instalments of $1,131 each at 8 per cent, secured by mortgage. The parties were to appear at the office of the notary Ramon S. Pesquera in the Bouret Building at San Juan to execute the deed on March 31, 1918, at 2 P. M.

In the meantime a dispute had arisen between Robledo and his associates on the one side and George S. Bird, owner of an adjoining finca, on the other, resulting in the filing of a suit by Bird against them at San Juan September 24, 1918, by which Bird sought to have the road closed which led from the Robledo property to the carretera through Bird's property, setting out that there was no grant of such right of way, the defendants admitting that there was no grant, but insisting upon the right of way by prescriptive use for forty years. This suit was dismissed by Bird on April 4, 1919, the parties having reached some agreement, which is not set out in the record.

Meanwhile Fano, being about to collect from other investments, saw Robledo some days before March 31, and it was informally agreed that the time for delivery of the deed should be extended and that Fano was to pay a larger amount at that time. On March 31, therefore, Fano paid no attention to the matter, while the notary Pesquera contends that he came from his home in Bayamon and spent the day in the office in the Bouret Building mainly waiting for Fano to appear. At all

events on July 5 defendants had a deed ready at the office of Pesquera, reciting the increased payment, and Fano's only objection to it was that it did not mention the roads. Defendants returned the property for taxes as owned by Fano. After some negotiation defendants refused to go further, claiming that Fano by not appearing on March 31 had forfeited all rights in the matter.

1. The contract in question calls for a specific time for the completion of the matter, even giving the hour of the day, but the court is of the opinion that time was not deemed by the parties as of the essence of the contract. There were conversations prior to that date which waived the time and negotiations subsequent which confirmed the waiver. The evidence, to say the least, is not convincing that the notary was on hand with the deed for the purpose of securing execution as he claims, and this seems to be an afterthought. Specific performance of a contract is one of the distinctive heads of equity,—one of the grounds of jurisdiction which separates it from proceedings at law. Langdell, Eq. 40. It applies as well in a civil-law territory as in a common-law state. It has been applied by this court in Porto Rico and will be applied under all proper circumstances. Linares v. Bianchi, 9 Porto Rico Fed. Rep. 505. Time being waived by the defendants, they are estopped from insisting upon performance of that particular feature of the contract. The facts seem to show that on July 5 the matter was still open, and the deposit of the balance due in the bank to the account of defendants and the subsequent deposit in court were in time to preserve plaintiff's rights.

2. Specific performance will be compelled where (1) the contract is clear, (2) to do a specific thing, (3) not relating

merely to personal property, and (4) plaintiff has performed his part if there is any condition precedent. Walker, Am. Law, 700. Specific performance is a substitute for damages where damages would be inadequate. If no damages at all would lie, then specific performance would not lie. Comer v. Bankhead, 70 Ala. 493. It does not lie if damages would be adequate. Bouvier, Spec. Perf. § 5. Great accuracy of averments and proof is required in this proceeding. Meyer v. Mitchell, 75 Ala. 475. The complainant must show that he has done all incumbent upon him, has made tender at the proper time, and has not been guilty of delay. Gentry v. Rogers, 40 Ala. 442. It is governed by the circumstances of each case. McBryde v. Sayre, 86 Ala. 458, 3 L.R.A. 861, 5 So. 791. The plaintiff's case as made out by the proof seems to come within these principles.

3. The admissions of the answer seem to go somewhat beyond the contents of the contract in question; but the court is of opinion that the decree of specific performance cannot go beyond the contract which is to be performed. That contract, for instance, makes no reference to roads. The previous dealings of plaintiff and Arzuaga took the roads into account, and the importance of the roads to plaintiff is clear. Nevertheless, when the contract with Robledo et al. came to be written out, it made no reference to the map or to the roads. It may well be that the suit which was then pending between the defendants and Bird and which had begun after Arzuaga had parted with possession had caused a difference in the situation in the minds of the defendants. The record of the Bird suit is in evidence, but it shows merely a voluntary dismissal, desistemiento, by the plaintiff, under some agreement outside

Fano v. Robredo.

of court, without stating what the agreement was. If this agreement was for the closing up of the road, the reluctance of defendants to insert a provision as to roads is understandable. If the settlement in question embraced recognition of the road to the carretera, at least it is not incorporated in the contract now sought to be enforced. If the matter of access to the carretera is still to be fought out on behalf of the plaintiff, it might be Bird or his representatives would be a necessary party to this suit.

The court, however, can of course proceed only upon the matters formally pleaded and in evidence before it. If it is desired to reform the contract which is to be specifically performed, the practice is not unknown. The reformation of an instrument and specific performance of it as reformed are favored by Kent and Story, but the doctrine is not liked in England. Story, Eq. Jur. § 161. Whether additional evidence is needed in case of such reformation need not be decided in advance. It would seem best that this opinion be filed for the guidance of the parties and no decree be entered for three days. If within that time a motion is made to amend the pleadings, the matter will be further considered. If within that time no motion is made on the subject, the clerk will enter a decree for the specific performance of the contract set out in the complaint, as dated December 30, 1918, with all proper intendments involved therein, but it could not embrace inclusion of roads which are not mentioned in the contract.

It is ordered that this opinion be filed accordingly.