## STETSON *vs.* LYONS.

[ACTION ON COMMON MONEY COUNTS.]

1. *Sufficiency of commissioner's certificate to deposition.*—When the certificate of the commissioner, appended to a deposition, (Code, §§ 2322-23,) states that the testimony of the witness was taken down under oath, and subscribed by the witness, in his presence, at the time and place named ; and that he has personal knowledge of the witness,—this is a substantial compliance with the provisions of the statute.

2. *Production of papers on notice.*—Under a notice to plaintiff to produce " the books and papers in his possession containing all the business transactions had between him and the defendant relative to the subject-matter of the suit," certain books, papers and letters having been ‚produced, " all which were subject to the inspection and use of the defendant, and witnesses were examined as to some of said books as evidence,"—the defendant is not entitled to read one of the letters in evidence, without proof of handwriting.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. NAT. COOK.

THIS action was brought by N. S. Stetson, against Sophia Lyons, to recover a balance of $496, due by account on the 1st January, 1857 ; and was commenced by attachment. The defendant pleaded the general issue, payment, and the statutes of limitations of three and six years. The plaintiff joined issue on the first and second pleas, and replied specially to the others; averring, that the account concerned the trade of merchandize between merchant and merchant, and that the defendant was non-resident; and issue was joined on the replications. Before entering on the trial, as the bill of exceptions shows, the plaintiff moved the court to suppress the deposition of one Joseph E. Caro, which had been taken on interrogatories, " on account of the insufficiency of the commissioner's certificate, thereto appended." The said certificate was in these words : " I, the commissioner in said commission named, do hereby certify, that the evidence of the witness, Joseph E. Caro, was taken down under oath, and subscribed by him in my presence, on the 8th

April, 1857, at Pensacola, Florida; and that I have personal knowledge of said witness. Witness my hand and seal," &c. The court overruled the motion, and the plaintiff excepted.

"Afterwards, during the trial, the plaintiff produced and proved accounts and dealings between him and the defendant, commencing in August, 1845, and running to 2d March, 1847; at which last date there remained a balance due to plaintiff of $297 21. Having first proved notice to the plaintiff to produce the books and papers in his possession containing all the business transactions hitherto had between him and 'defendant relative to the subject-matter of the suit, and also of all subsequent dealings between them, the defendant now called for the production of said books and papers; and the plaintiff's books, as called for, were produced, from the sales and cash-book to the ledger, inclusive, together with certain letters, which purported to be from the defendant to the plaintiff, in reply to letters from him to her; all which were subject to the inspection and use of the defendant, and witnesses were examined as to some of said books as evidence. To show payment of said balance in full, the defendant offered in evidence the deposition of said Caro, above referred to; and, to rebut the evidence of payment, the plaintiff proved that, after, as well as before the date of the last item of said account, he had written to defendant at Pensacola, for money due him; and a letter in the handwriting of said Caro, but purporting to be signed by the defendant, with its enclosure, was read. The plaintiff read in evidence, also, the defendant's affidavit attached to Caro's deposition, and offered to read in evidence the letters purporting to be written by defendant, in reply to letters written by plaintiff to her, and particularly one bearing date July 14, 1847, which acknowledged an indebtedness, and promised to pay soon; said letters being thereupon referred to, as produced on notice. The defendant objected to the reading of said letters, or any of them, on the ground that there was no proof of defendant's handwriting, or that she authorized said letters to be written. · The court sustained the objection, and

excluded said letters; to which ruling of the court the plaintiff excepted."

The two rulings of the court above stated, to which exceptions were reserved, are now assigned as error.

K. B. SEWALL, for appellant.

OVERALL & MOULTON, *contra.*

STONE, J.—[1.] No specific objection to the certificate of the commissioner, who certified the deposition of the witness Caro, has been pointed out to us. We think the certificate sufficient, and hold that the circuit court rightly overruled the motion to suppress.—King v. King, 28 Ala. 315; Thrasher v. Ingram, 32 Ala. 645.

[2.] The rule invoked by appellant, in its largest application, goes only to this extent: When a paper is produced under notice, and is *examined* by the party who called for its production, this *examination* constitutes the paper evidence for the party producing it, if he elect to make such use of it.

The notice in this case does not specify or describe any letter or letters. It called, in general terms, for the production of "the books and papers in plaintiff's possession, containing all of the business transactions had hitherto between plaintiff and defendant in relation to the subject-matter of this suit, and also of subsequent dealings between them." The bill of exceptions does not inform us that the letters were inspected. True, speaking of the books and papers, it says, "all which were subject to the inspection and use of the defendant, and witnesses were examined as to some of said books as evidence." The meaning of this language, as we understand it, is, not that all the books and papers were examined, but that defendant was offered the opportunity of making an examination, if she had chosen to embrace it. Some of the *books* she must have inspected, because witnesses were examined in relation to them. It is not affirmed that she examined any of the letters. The court did not err in rejecting the letters offered in evidence.—1 Greenleaf's

Ev. § 563; Phil. Ev. (edition by Van Cott,) part 2d of notes, 426–27, 409.

In thus laying down the rule, we do not wish to be understood as deciding or affirming, that all papers which a party may produce, under a general notice calling for all papers upon a particular subject, are made evidence, simply by an inspection of them, and this, irrespective of their genuineness. Under such a rule, a spurious paper might be, by a corrupt party, substituted for the genuine one called for; and thus the practice of calling for the production of papers, would be rendered extremely hazardous. Moreover, it did not appear to the circuit court, nor are we informed, that the papers offered in evidence were genuine, or were called for by the notice. We simply state this proposition, without intending, at this time, to decide it.

Judgment of the circuit court affirmed.