## BLACK vs. BLACK.

[BILL IN EQUITY FOR PARTITION OF SLAVES.]

1. *Motion to suppress deposition on account of witness' failure to answer question.*—A deposition will not be suppressed, on the ground that the witness has failed to answer a cross-interrogatory, or that his answer is evasive, because, in answering the interrogatory, he only says that he refers to his answers to the direct interrogatories as containing all his knowledge on the subject.

APPEAL from the Chancery Court of Tallapoosa. Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by Gideon Black and others, children of Thomas and Mertila Black, against said Thomas Black and others, asking a partition of certain slaves, in which the complainants claimed a remainder, after the death of their mother, under a deed of gift from their maternal grand-father, Thomas Leverett; also, the appointment of a receiver to take charge of the slaves, and an injunction against several creditors who had attached and levied on some of them. Thomas Black answered the bill, denying the alleged gift, and asserting his marital rights to the slaves; and he also filed a cross-bill, for the purpose of having the complainants' deed cancelled. The chancellor dismissed the cross-bill, and, on final hearing on pleadings and proof, rendered a decree for the complainants. The appeal is sued out by Thomas Black, who assigns as error the dismissal of his cross-bill, the final decree on the merits, and the rulings of the chancellor on numerous exceptions to evidence.

Black v. Black.

CHILTON & YANCEY, for appellant.

GEO. W. GUNN, and J. FALKNER, *contra.*

A. J. WALKER, C. J.—The motion to suppress the deposition of Gideon Leverett was made upon the ground of his failure to answer a question propounded by the appellant. The question is as follows: " If you say a deed was executed, tell everything that was done, so that the court may know what you mean when you say, a deed was executed." To this the witness answers, as appears from the transcript: " I refer to my answers made to the direct interrogatories what know deed of trust or gift, and I hope the court will understand what I mean or know about it." It is evident that there is some imperfection in taking down the answer of the witness ; but we think it may fairly be understood as referring to the answers to the direct interrogatories for such knowledge responsive to the question as he had. On looking to the answers to the interrogatories, we find a statement of many things pertaining to the execution of the deed; and those things, the answer in question, fairly interpreted, says, constituted the sum of his knowledge on the subject. We do not feel authorized to pronounce the answer so evasive, that the deposition ought to be suppressed ; and although it may be inconvenient, sometimes, for a witness to refer to some other part of a deposition for his answer to a question, that is not a fatal objection. Indeed, it is an established practice, to refuse to suppress a deposition on account of a failure to answer a question, if the facts sought to be elicited can be ascertained from other parts of the deposition, or are immaterial. *Spence v. Mitchell,* 9 Ala. 744; *Gibson v. Goldthwaite,* 7 Ala. 281 ; *Buckley v. Cunningham,* 34 Ala. 69. We decide, that there was no error in overruling the motion to suppress the deposition.

We entertain no doubt that the rulings of the chancellor upon the different exceptions to evidence, so far as they could possibly influence the result of this case, were correct. It is not necessary that we should go into an examination of them.

The basis, upon which the complainants' equity rests, is, that the title to a certain negro woman was by deed vested in trustees, for the separate use of the complainants' mother during her life-time, with a remainder over, freed from the trust, to her children. The appellant alone assails this feature of the bill, and he alone appeals, and assigns error. Conceding for the purpose of our argument that the appellant's answer has the effect of casting the burden upon the complainants of sustaining the allegations of their bill by two witnesses, or by one with corroborating circumstances, we must, nevertheless, decide that the bill is sustained by the testimony. The credibility of the complainants' most material witness, Gideon Leverett, is assailed upon the ground that its different parts are conflicting; that it conflicts with an affidavit, at one time made by the witness, as to the date of the deed, and that it contains statements inconsistent with the testimony of two other witnesses. Whatever confusion, or conflict, may exist, is as to dates; and we do not deem that a very strong objection to the credibility of the witness, speaking, as he did, of events which transpired more than thirty years before. There is no conflict between the different parts of the deposition, nor between the deposition and the bill, as to the contents of the deed. The answer to the third interrogatory does state, that the deed was made to trustees "for the benefit of Mertila Black, for and during her natural life-time, and then the trust to cease, and the said negro girl (Critt, or Critty) and her increase to go to the children of said Mertila Black"; while the copy of the deed, as proved in the deposition and alleged in the bill, shows that the conveyance was "for the *sole and exclusive use, benefit and advantage* of Mertila Black," and at her death the trust estate to cease, and the negro girl to vest (in the language of the deed) "in the children of Mertila Black now in being, or which may hereafter be born." The conflict apparent from this presentation of the answer to the third interrogatory and of the copy of the deed, vanishes when we turn to the interrogatory, and find that it does not question the witness

as to the contents of the deed, but asks him to whom, and for whose benefit, the deed was made. The answer simply responds to the question; and the response is not inconsistent with the contents of the deed, when it is construed in reference to the question.

What is said by this witness, as to his father going to Upson county, to deliver the deed, is made harmonious with the rest of the deposition, by understanding the witness to speak of delivery in its very common acceptation of giving manual possession of it.

The witnesses who, it is contended, controvert some of the statements of this witness, are themselves not in a position entirely above suspicion; and as this witness, Gideon Leverett, is sustained by other witnesses as to the most material facts stated by him, we regard him as entitled to our credence, notwithstanding what those other witnesses may have said. The depositions of Abram Leverett, J. J. Holly, William Page, Henry Pruitt, Joseph Pruitt, and Leroy Gresham, strongly fortify and corroborate the testimony of Gideon Leverett. The testimony of Holly proves the admission by the appellant of the deed, that it was lost, and had been established as a lost deed in the superior court of Troup county, Georgia; and the record from the superior court of Troup county, Georgia, shows that the deed there established was the same with the copy proved by the complainants' witness, Gideon Leverett. Other corroborations, quite as strong, might be drawn from the testimony of the other witnesses; but it is unnecessary for us to farther amplify. Every fact necessary to sustain the title of the complainants, and to show the defendant's want of title, was fully made out by two witnesses, or by one with strong corroborating circumstances. The appellant had no interest whatever in the property, upon which he could either defend the original bill, or sustain his cross-bill. There was, therefore, no error of which he can complain.

Affirmed.