# Gulf City Insurance Co. *v.* Stephens.

*Action on Policy of Insurance against Fire.*

1. *Deposition; swearing witness.* — When the certificate of the commissioner states that the witnesses were "duly sworn," it will be presumed that they were sworn, as the statute requires (Rev. Code, § 2720), "to speak the truth, the whole truth, and nothing but the truth."

2. *Same; reducing answers to writing.* — A statement in the commissioner's certificate that the witnesses "testified as is set down," shows a substantial compliance with the statutory requisition, that the answers be "reduced to writing, as near as may be, in the language of the witness," when the answers themselves appear to be full and unsuspicious.

3. *Same; certificate including two or more depositions.* — Several depositions may be included in one certificate, if it is sufficiently formal; it is not necessary that a separate certificate should be appended to each deposition.

4. *Same; answer referring to former answer.* — In answering a cross-interrogatory, a witness may refer to and adopt his answer to one of the direct interrogatories, if it is also a full answer to the cross-interrogatory.

5. *Experts.* — When a witness is offered as an expert, the question of his competency is addressed to the court; and if it appears, on his preliminary examination, that he has actual knowledge of the stock of goods involved in the issue, and experience in the particular trade or business to which they belong, he should be allowed to state his opinion as to the value of the goods.

6. *Value of insured stock of goods; how proved.* — In an action on a policy of insurance, to recover the loss on a stock of goods destroyed by fire, a former policy on the same stock, which was shown to the insurance company when the new policy was effected, is competent evidence to prove the value of the goods at that time, and, in connection with proof that the quantity and value of the goods remained about the same up to the time of the fire, to show their value when destroyed.

7. *Presumption in favor of judgment.* — When evidence is admitted by the primary court, which would be competent in connection with other evidence, the appellate court will presume, unless the record repels such presumption, that the necessary connecting proof was adduced.

8. *Error without injury in allowing question unanswered.* — Allowing an improper question to be asked, which is not shown to have been answered, is, at most, error without injury.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. JOHN ELLIOTT.

BOYLES & OVERALL, for appellant.

[Gulf City Insurance Company v. Stephens.]

J. LITTLE SMITH, *contra*.

PETERS, C. J. — This is an action to recover the loss on a policy of insurance. There was a trial by a jury in the court below, and a verdict and judgment for the plaintiff, who is the appellee in this court, for the sum of $10,581.34 and costs. On the trial, the defendant below, the appellant in this court, took a bill of exceptions, and brings the case to this court, and here insists on certain matters set out in this bill of exceptions as errors. There are eleven errors complained of in the assignment. These, except the tenth and eleventh, relate altogether to the testimony — either to the manner of taking it by deposition, or to its relevancy to the issue.

1. The defendant below moved the court on the call of the case, and before the commencement of the trial, to *quash* the depositions of Mrs. Gauche and Taylor Gauche, for defects in the certificate of the execution of the commission by the person appointed to take these depositions. One ground is, that the certificate does not show that the witnesses authorized to be examined were sworn before examination, "to speak the truth, the whole truth, and nothing but the truth," as directed by our Code. It is certainly the duty of the commissioner to swear the witnesses examined by him in this form of words. Rev. Code, § 2720. But there is no form of certificate prescribed by our statute law. This is a matter of practice to be prescribed and regulated by the courts. A person authorized by a commission to take the testimony of witnesses is, *pro hac vice*, an officer of the court. *Scott* v. *Barber*, 15 Ala. 439. Acts of an official nature, or such as require the concurrence of official persons, are accompanied with the legal presumption of their due and proper execution. In such case, when there is no other rule, the maxim is, *Omnia præsumuntur rite et solemniter esse acta, donec probetur in contrarium.* Co. Litt. 232; Broom's Max. p. 428. Here, the commissioner certifies that the witnesses were "*duly sworn.*" This could not be true, unless the witnesses were sworn to "speak the truth, the whole truth, and nothing but the truth," as our statute requires. And such is the proper and legal presumption. 9 Port. 157; 2 S. & P. 28. I think the certificate, in this respect, is sufficient.

2. The second and third objections are thus stated in the bill of exceptions. "2. It (the certificate) does not show that the answers of the witnesses were reduced to writing, as near as may be, in the language of the witnesses. 3. It is not certified in the certificate that the answers of the witnesses to the interrogatories and cross-interrogatories were reduced to writing; but, in lieu of the statutory requirement, it is certified that they ‘ testified as is set down.’" These last above-men-

[Gulf City Insurance Company *v.* Stephens.]

tioned grounds of the motion to suppress the deposition seem to assail the *manner* of taking the answers of the witnesses and writing them out. The answers themselves furnish evidence of the manner in which they have been reduced to writing. If they, on their face, seem to be full, and no marks of suspicion are observable about them, they come fully up to the requirements of our statute. This is the case here. *Thrasher* v. *Ingram & Wife*, 32 Ala. 645; *Stetson* v. *Lyons*, 34 Ala. 140. These objections were also properly overruled. The certificate of the commissioner is sufficient, and comes fully up to the requirements of the statute, as construed in the cases above cited.

3. It is not required that the commissioner should certify the taking of each deposition separately. Several depositions may be included in one certificate, if it is sufficiently formal. This is the case with the deposition of Taylor Gauche, to which no separate certificate is attached, but which is included in the certificate affixed to the two depositions.

4. The further objection, that the witness Taylor Gauche failed to answer fully one of the cross-interrogatories, is not well taken. He answers it by reference to his answer already made to one of the direct interrogatories. This is sufficient, unless it is shown that the answer referred to is defective. If the answer to the cross-interrogatory is the same as that to the direct interrogatory, the witness may adopt the latter as his answer to both. *Black* v. *Black*, 38 Ala. 111; 34 Ala. 69; also, 38 Ala. 326. This objection, so far as it applies to Mrs. Gauche's deposition, is also overruled.

5. The objections to the evidence of Mrs. Gauche, Taylor Gauche, and Hardy, may all be considered together. It is objected that these witnesses were permitted to testify as *experts*, when their knowledge of the business about which they gave evidence was not sufficient to justify it; in other words, that they were not experts in the matters of the hardware and crockery business. It is said by Mr. Greenleaf, that, " On questions of science, skill, or trade, or others of like kind, persons of skill, sometimes called *experts*, may not only testify to facts, but are permitted to give their opinions in evidence." 1 Greenlf. Ev. § 440. Here, the question of inquiry was a matter of trade, — the hardware and crockery business. The witnesses all testified that they had some experience in such business. Whether this experience was sufficient to justify their examination as experts on questions connected with that business, was a matter addressed to the discretion of the court. If, upon the preliminary examination, it is deemed by the court that the knowledge of the witness is sufficient to admit his opinion to go to the jury, the force and value of this opinion

[Gulf City Insurance Company *v.* Stephens.]

may be combated by other proof by the opposite party that the opinion thus delivered is worthless, or untrue. It is not the proper course to move the court to exclude such opinion. *Washington* v. *Cole*, 6 Ala. 212. But here the witnesses testified that they each had actual knowledge of the stock of goods destroyed, and from this knowledge and their skill in such business or trade, that the goods destroyed by the burning, and which had been insured against loss by fire by the defendant below, were worth the value that they affixed to them. This was certainly competent. They had knowledge of the stock of goods destroyed, and they had knowledge of the price of such goods in the market where they were at the time of their destruction. They were, then, competent witnesses to speak of their value. It was a *fact*, of which they had knowledge. 1 Greenlf. Ev. §§ 436, 440. These objections are, therefore, insufficient to demand a reversal, and the action of the court below is sustained in its rulings upon them.

6. The objection to the policies of insurance, which were offered by the plaintiff below, the appellee in this court, does not show upon what grounds the objection was made. The policies had expired ; and after proper explanations, they were offered to show grounds for estimating the value of the goods destroyed. They were policies of insurance upon the same stock of goods, which had been effected at a prior date. In these policies the goods destroyed were valued at their then supposed worth. Upon the expiration of these policies, the appellant, by its agent, through whom alone it could act, knowing the contents of these policies, and the values therein fixed, was willing, and did, reinsure at these values, and received the premiums on the same. This was competent, as evidence of value of the goods insured, at the date of the inspection of the expired policies, and the execution of the new policy on which the suit was brought. This was not irrelevant, in connection with other evidence, that the quantity and value of the goods remained about the same up to the time of their loss by fire. As the bill of exceptions does not show that all the evidence was set out in it, which was delivered at the trial, this court will presume, in support of the ruling of the court below, that such evidence was really offered. In such a case, it must appear that the testimony complained of, and sought to be rejected, could not have become relevant by any additional proof whatever. Otherwise, the court below will not be put in fault, when all the evidence is not set out in the bill of exceptions.

The objection to the value of the goods, as shown in the partnership contract, falls into the same category with the expired policies. It is said in a book of good authority on insur-

[Gulf City Insurance Company v. Stephens.]

ance, that " the amount of loss on a stock of goods is proved by the testimony of clerks, invoices, bills of purchase, accounts of stock *before* and *after* the fire, and accounts of sales after an account of stocks, and after the fire and books of accounts." 2 Phill. Ins. § 2144, p. 668 ; 13 Ill. 676 ; also, 1 Greenlf. Ev. § 53. The court below may have let in the value of the goods stated in the partnership contract on the coming in of the new partner, as an account of stock on hand at that time. This, with proper proof sustaining its accuracy, would have been competent. As the bill of exceptions does not show that there was any deficiency of such assistant proof, this court will not presume that such assistant evidence was not offered.

The question asked the witness Hardy was competent, if he had any knowledge of the goods at all. He was asked, " From your knowledge of the goods of the stock, what was the value of it at the time you speak of ? " Before this question was asked, the witness testified that he had some knowledge of the crockery business, though the knowledge shown by him was rather slight. It was the province of the court to say whether this knowledge was such as to allow the witness to testify as to the value of the goods. The court decided that it was. The question then became competent ; and if the question had been answered, which does not appear, such testimony should be met by opposing proof, if deemed unfavorable to the party objecting, and not by motion to exclude the testimony on account of the insufficiency of the witness' knowledge. 6 Ala. 212, *supra*. But the question does not seem to have been answered, or the answer was not objected to, and the defendant could not have been injured by the question. At most, it was only error, if error at all, without injury. Such error is not ground of reversal. 1 Brickell's Dig. p. 780, § 96.

The errors numbered 9 and 10 in the assignment do not seem to be sustained by the record. The verdict is proper, and the judgment conforms to the verdict. There are some other questions discussed in the brief of the learned counsel for the appellant, which are not raised in the assignment of errors. When this is the case, they will not be noticed.

The judgment of the court below is affirmed.