# Alabama Steel & Wire Co. v. Wrenn.

*Action to recover Damages for Personal Injuries.*

1. *Action for personal injuries; sufficiency of complaint.*—In an action by an employe against his employer who operated a machine shop, a count of the complaint is sufficient as stating a cause of action which avers that on a certain specified day while the plaintiff was employed by the defendant in its shop in hoisting a casting by means of a block and chain, his foot was caught by said casting falling on the same, inflicting the injuries complained of, and then avers that said injury was caused as the proximate consequence and by reason of the negligence of a certain named person in the service or employment of the defendant, who had superintendence intrusted to him, while in the exercise of such

superintendence, in that plaintiff was inexperienced in said work by reason whereof said work was dangerous to plaintiff, and the said superintendent, with knowledge of plaintiff's inexperience and the danger to him in said work, caused plaintiff to work thereat, and negligently failed to warn and instruct him, or see that he was warned and instructed concerning the danger thereof, and that by reason of such negligent failure to warn and instruct the plaintiff, the plaintiff was injured.

2. *Pleading and practice; continuance of cause; when discretion of court not abused.*—In the trial of a civil case, after the plaintiff and the defendant had announced ready and the jury had been selected, plaintiff was allowed to amend the complaint by adding new counts thereto. The defendant requested the court to grant it a continuance because said new additional counts introduced new matter not contained in the original counts to the complaint, and the defendant was taken by surprise by the amendment of the complaint, and for the further reason that the defendant's most material witness was absent, and his deposition had been taken before the additional counts were added. Said additional counts charged the cause of the injury to plaintiff to be due to the negligence of the material witness for the defendant, who was shown to be absent. It was shown that the defendant's counsel had prepared the additional counts several days prior to the day of the trial, but had not filed them nor asked to file them until after the jury had been selected. The defendant's counsel stated that the examination of the material witness who was absent, had been taken on the theory that he was one of those charged with negligence under the original complaint, and the attorney further stated that he could not state to the court that he would have other evidence on the trial if the cause was continued, but that he might have. *Held*: That in refusing the motion of the defendant for a continuance, the court did not abuse its discretion, and such refusal constituted no ground for reversal.

3. *Action for negligence; admissibility of evidence.*—In an action by an employe against his employer to recover damages for personal injuries alleged to have been sustained by the plaintiff, while moving a heavy piece of machinery by means of a block and tackle, where the evidence showed that the plaintiff had had but very little experience in the kind of work he was engaged in at the time of the injury, it is competent for

the plaintiff in the examination of a witness who had testified that he had worked about machine shops three or four years and had occasion to remove machinery by block and tackle, how long a man ought to work in moving heavy machinery in that manner before he would be qualified or competent.

4. *Same; same.*—In such a case it is competent for the plaintiff to ask such witness to state whether or not he knew the plaintiff's general experience in the kind of work plaintiff was engaged in at the time of the injury after he again worked with the defendant.

5. *Same; same.*—In such a case, where a witness who is shown to have known of the character of work the plaintiff was engaged in at the time of the injury is asked to state "whether or not you know the plaintiff's general experience in work of that kind after he came to defendant's rod mill to work?" his answer that "after he came there to work he looked to be a green man to me," is not only irresponsive to the question and should for that reason be excluded, but is otherwise incompetent and inadmissible.

6. *Same; same.*—In such a case where a brother of the plaintiff testified that upon his requesting the superintendent of the defendant to give the plaintiff a job, the superintendent replied that he thought he could give him work, and that a few days thereafter he was put to work, it is competent to ask such witness if at the time there was anything said about plaintiff's inexperience.

7. *Same; same.*—In an action by an employe against an employer to recover damages for injuries alleged to have been sustained by the plaintiff while he was engaged in operating a drill press in defendant's machine shop, and negligence on the part of the defendant in putting the plaintiff to do such work when he was inexperienced therein was one of the issues in the case, and it was shown that the plaintiff was 21 years old and had been employed in the defendant's shop for four months, where a witness for the defendant testified that he began work in a machine shop when he was 12 years old, and that drill press work was simple and generally done by boys, it is not competent to ask such witness how old he was when he first operated a drill press, nor is it competent to prove that other employes of the defendant much younger than the plaintiff had operated drill presses for the defendant.

8. *Action for negligence; charge of court to jury.*—In an action by an employe against his employer to recover damages for per-

sonal injuries which were sustained by the plaintiff while engaged in the service of the defendant, where the negligence complained of is that the plaintiff was inexperienced in the work he was engaged in at the time of the injury, which work was dangerous to plaintiff, and that the superintendent of the defendant, with knowledge of plaintiff's inexperience and the danger to him in said work, instructed him to do said work, but failed to warn him of the dangers thereof, and it was shown by the evidence that at the time of the injury the plaintiff was just 21 years old and had been employed by the defendant for four months, a charge asserts a correct proposition of law and is free from error which instructs the jury that "it is the duty of a master who knowingly employs a youthful and inexperienced servant and subjects him to the control of another servant to see that he is not employed in a more dangerous position than that for which he was employed, and to give him such warning of his danger as his youth or inexperience demands."

9. *Same; same.*—In such a case, a charge asserts a correct proposition of law and is free from error which instructs the jury "that the burden of proving contributory negligence is on the defendant, and that if the jury believe from the evidence that plaintiff was injured by the sudden falling of the nail-bed at which he was working, the mere fact that plaintiff's foot was in reach of the falling nail-bed would not of itself charge plaintiff with contributory negligence, unless the jury further find under the evidence that the danger in putting plaintiff's foot where he did was so great that a man of ordinary prudence would not have done so."

10. *Same; same.*—In such a case, a charge is free from error and asserts a correct proposition of law which instructs the jury that "an employe is held by the law to the use of ordinary care for his own safety, so that if he voluntarily undertakes to do work attended with danger which is obvious, he impliedly assumes the risk involved in its execution, but it does not follow that he is guilty of negligence in working merely because he knows the work to be dangerous without regard to the degrees of danger and risk involved, nor unless it be of a degree which would ordinarily deter one of ordinary prudence from the work."

11. *Same; same.*—In such a case, a charge is erroneous and properly refused which instructs the jury that "if after a fair consideration of all the evidence in this case any individual

juror is not reasonably satisfied that the plaint..l did not contribute proximately to his injury, the plaintiff cannot recover."

12. *Same; same.*—In such a case, a charge is erroneous and properly refused which instructs the jury that "if the jury believe from the evidence that plaintiff, on two or three occasions before receiving his injury, had assisted in hoisting or turning a nail-bed machine similar to the nail-bed machine at which he was working at the time of the injury, and on such several occasions it required as many as six or eight men to do said work, then in such event plaintiff in attempting to do said work with himself and the three others, assumed all risk of injury."

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This action was brought by the appellee, William Wrenn, against the Alabama Steel & Wire Company, to recover damages for personal injuries sustained by the plaintiff while in the employment of the defendant.

The complaint contained several counts, but as stated in the opinion the cause was tried on count F. This count was in words and figures as follows: "F. Plaintiff claims of the defendant a private corporation the further sum of ten thousand dollars damages for that whereas on the 9th day of April, 1900, the defendant was engaged in operating a machine shop in connection with its rod and wire mill near Ensley, Ala., and in the course of its business in said shop heavy castings or metal bodies were moved or hoisted by means of a block and chain; and plaintiff avers that on to-wit, the 9th day of April, 1900, while so employed by defendant in said shop in moving or hoisting one of said castings or metal bodies to-wit, a nail machine bed by means of a block and chain as aforesaid his left foot was caught by said casting or nail bed falling on same, and so badly mashed that four toes and a part of said foot had to be amputated shortly thereafter. And plaintiff avers that said injury was caused as aforesaid as a proximate consequence and by reason of the negligence of Harry Cassidy, a person in the service or employment of defendant who had superin-

tendence entrusted to him while in the exercise of such superintendence, viz.: plaintiff was inexperienced in said work by reason whereof said work was dangerous to plaintiff, and the said Harry Cassidy with knowledge of plaintiff's inexperience and the danger to him in said work caused to work at said work plaintiff who was inexperienced therein and negligently failed to warn and instruct him or see that he was warned and instructed concerning the danger thereof, and by reason of said negligent failure to warn and instruct under the circumstances aforesaid plaintiff was injured as aforesaid." The count then avers the incurring of expenses for medicine and nursing and great bodily suffering and mental pain, etc.

To count F. the defendant demurred upon the following grounds: 1. It does not appear therefrom that the work at which said plaintiff was working was dangerous. 2. It does not allege any duty owing by defendant to plaintiff a violation of which would give plaintiff the right to bring this suit. 3. It does not appear therefrom that plaintiff was not aware of the alleged danger. 4. Said count does not set up sufficient facts showing a necessity for warning and instruction. 5. It does not appear therefrom that the negligence complained of proximately caused the alleged injury. 6. It does not appear therefrom that Cassidy was entrusted with the superintendence of seeing that plaintiff was warned and instructed concerning the danger of said work. This demurrer to count F. was overruled. The defendant pleaded the general issue and several special pleas setting up contributory negligence on the part of the plaintiff; but under the opinion on the present appeal it is unnecessary to set out these pleas at length.

The bill of exceptions contains the following recital as to the request of the defendant for a continuance, and the rulings of the court thereon: "The plaintiff and defendant had each announced ready for trial, and after the jury had been selected the plaintiff was allowed to amend the complaint by adding thereto counts marked

'A,' 'B,' 'C,' 'D,' 'E,' 'F' and 'G,' and the defend-
ant then and there in open court objected to the court's
ruling in allowing said amendment by adding said new
additional counts which objection the court overruled,
to which ruling of the court the defendant then and there
duly excepted.   Whereupon, after the court had allowed
plaintiff to so amend his complaint by the addition of
said new counts of the complaint, the plaintiff withdrew
all the original counts of the complaint, except count
four, and the defendant then and there in open court, re-
quested the court to grant or allow the defendant, a con-
tinuance of the cause because said new additional counts
introduced new matter and new and different cause of
complaint that was not contained in the original counts
of the complaint on file when the defendant announced
ready for trial, and that defendant was taken by sur-
prise by the addition of said new counts, and was not
ready or prepared to defend against the same, and for
the additional reason that defendant's most material
witness, one Harry Cassidy, was absent from the State,
and defendant had taken his deposition which was in
court, but that defendant did not have an opportunity
to examine said Cassidy as to the additional counts be-
cause the same had not been field at the time of the ex-
amination of said witness, and that of the additional
counts, counts 'D,' 'E,' 'F,' and 'G' charged the cause
of the injury to plaintiff to be due to said Cassidy's
negligence, and that defendant desired to examine said
Cassidy as to said additional counts.   In support of said
request of defendant to continue said cause it was in
evidence before the court that plaintiff's counsel had
prepared the additional counts several days prior to the
day the case was called for trial, and had not shown
them to defendant's counsel, although defendant's and
plaintiff's counsel both had been waiting at various times
in the court room during two days to try the case, and
that said additional counts were not filed or asked to be
allowed by the court until defendant's counsel had an-
nounced ready on the original complaint, and until af-

ter the jury had been selected that plaintiff's attorney had not had said counts in court, but in his office a block away. It was also in evidence before the court that the interrogatories propounded to the witness Cassidy, were filed in court on March 21st, 1901, and the cross-interrogatories were filed on March 22d, 1901, and that the additional counts were added to the complaint on May 25th, 1901. In response to an inquiry by the court defendant's attorney said he would state that it would be necessary to retake Cassidy's testimony, but it might be. He further stated in answer to an inquiry that he had examined Cassidy in the interrogatories already taken, upon the theory that he was one of those charged with negligence under the original complaint. The court stated to defendant's attorney that he would not be forced to trial if he could show to the court wherein he could present at a later time any evidence that he was not prepared to present at the present time, and that he would be allowed time within which to examine the new counts for that purpose. After such examination, defendant's attorney said he could not state to the court that he would have other evidence on the trial if the cause was continued, but that he might have. Thereupon the court overruled the defendant's request for a continuance and declined and refused to allow the cause to be continued, and to this ruling of the court in so declining and refusing to allow the cause to be continued, the defendant then and there duly excepted."

The following facts were shown by the evidence: At the time of the injury the plaintiff was just 21 years old and had been working in the defendant's shop as a helper and at different machines for a period of about four months. At the time of sustaining the injuries, he was under the direction of Harry Cassidy, the superintendent of the defendant's shops, and was working at a drill press, which was a machine used for drilling holes in steel and iron, etc. The work he was engaged on was in drilling holes in a nail-bed machine, which weighed between 3000 pounds and 3500 pounds. In drilling holes

in the nail-bed it way lying on the drill press in a flat position. Shortly before the accident, the plaintiff, together with others, had by means of a block and tackle turned the nail-bed machine from its flat side up on its edge. In the course of his work it became necessary for the plaintiff to lower the nail-bed from its edgewise position back to its flat side, and this had to be accomplished by the means of a block and tackle, and plaintiff had been directed by Cassidy, the superintendent of the defendant, to take charge of the work, and three men had been given him as helpers to assist him in lowering the nail-bed. The chain of the block and tackle was attached to the nail-bed under the plaintiff's direction, and while they were lifting the nail-bed in order to change its position, it tilted forward, and as the plaintiff was crossing the drill press where the nail-bed was to be placed, the bed fell on his foot inflicting the injuries complained of. The plaintiff had assisted in turning the nail-bed on the drill press several times before the injury under the direction of Cassidy. Although the plaintiff was standing on the drill press at the time of the injury, there was a place where a man could stand on the side of the press where he would not have been hurt by the falling of the nail-bed. The plaintiff was without experience in machine shops, not having worked any where except on a farm prior to the time he was employed by the defendant.

The evidence for the plaintiff tended to show that he was not instructed as to the manner of doing the work, nor warned of the dangers incident thereto.

The evidence for the defendant including the testimony of Cassidy, tended to show that after the plaintiff was employed he was instructed by Cassidy how to work the drill press, and to do the other work which he was given to do, and was told and warned of the dangers incident thereto.

The plaintiff introduced as a witness, one Thomas Harris who testified that he was a machinist and had worked in a machine shop three or four years, and knew the method adopted by the machine shop of the defendant for hoisting nail-bed machines. That he was somewhat famil-

iar with what is called "rigging" in a machine shop, and had had experience in doing work that had required some rigging to be done; that rigging was a method used in hoisting big castings or heavy machinery which was hoisted by riggings and ropes; that it would take some little time for a man to be competent to make a rigger. Thereupon plaintiff asked witness the following question: "Mr. Harris, you say you have worked in and about machine shops three or four years, and you have had occasion at various times to do this work of rigging yourself, now from your experience and knowledge, do you know how long a man ought to work at that kind of business before he would be qualified to act a rigger, do you know about how long?" The defendant objected to this question upon the grounds that it called for irrelevant, immaterial and illegal evidence, and because the witness was not shown to be an expert. The court overruled the objection, and the defendant excepted. This ruling constitutes the basis of the ninth assignment of error. The witness answered that it would take six months or a year for a man to be competent to do rigging like that inquired about. The other rulings of the court upon questions asked the witness Harris, are sufficiently shown in the opinion.

J. F. Hancock, a witness for the plaintiff, testified that he was in the employ of the Southern Railway Company; that he had run electric cranes that were used for hoisting heavy machinery for about two years; that he had never hoisted a nail-bed machine, and was only an engineer of a locomotive electrical crane; that the hoisting of heavy machinery involves the wrapping and fastening of chains, etc. Thereupon the plaintiff asked the witness the following question: "About how long would a workman, without previous experience in wrapping and hoisting machinery or metal bodies, say about the size of this table, and weighing about 3000 pounds, how long in your opinion would it require him, how much experience, to become a safe man to direct or superintend the doing, the wrapping of the chains in hoisting

that metal body?" The defendant objected to this question upon the ground that the witness was not shown to be an expert in the matters inquired about; that the hypothetical question was not supported by the facts of the present case, and that the question called for irrevelant, immaterial and illegal evidence. The court overruled the objection and the defendant duly excepted. This ruling constitutes the basis of the twelfth assignment of error. The witness answered that he thought it would require a man of sight smart experience to use his judgment as to what would be safe under such circumstances, and that it would take a year or two to become competent for such purpose. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently shown in the opinion.

The court at the request of the plaintiff gave to the jury the following written charges: (A.) "The court charges the jury that is the duty of a master who knowingly employs a youthful and inexperienced servant and subjects him to the control of another servant, to see that he is not employed in a more dangerous position than that for which he was employed, and to give him such warning of his danger as his youth or inexperienc demands." (B.) "The court charges the jury that the burden of proving contributory negligence is on the defendant, and if the jury believe from the evidence that plaintiff was injured by the sudden falling of the nail-bed at which he was working, the mere fact that plaintiff's foot was in reach of the falling nail-bed would not of itself charge plaintiff with contributory negligence unless the jury further finds under the evidence that the danger in putting plaintiff's foot where he did was so great that a man of ordinary prudence would not have done so." (C.) "The court charges the jury that an employee is held by the law to the use of ordinary care for his own safety, so that if he voluntarily undertakes to do work attended with danger which is obvious, he impliedly assumes the risk involved in its execution, but it does not follow that he is guilty of negligence in work-

ing merely because he knows the work to be dangerous without regard to the degrees of danger and risk involved, nor unless it be of a degree which would ordinarily deter one of ordinary prudence from the work."

The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of the following charges requested by him: (4.) "If the defendant used due care in selecting its foreman and employes, and used such care in retaining them in its service the plaintiff cannot recover." (5.) "If after a fair consideration of all the evidence in this case, any individual juror is not reasonably satisfied that the plaintiff did not contribute proximately to his injury, the plaintiff cannot recover." (6.) "If the jury believe all the evidence in this case, plaintiff cannot recover under count F of the complaint." (7.) "If the jury believe all the evidence in this case, the plaintiff cannot recover." (8.) "If the jury believe the evidence in this case, they will find that the plaintiff himself assumed the risk of the alleged injury." (9.) "I charge you that the proximate cause of plaintiff's injury was his permitting his foot to be or remain on the drill press." (10.) "If the jury believe from the evidence that plaintiff, on two or three occasions before receiving his injuries, had assisted in hoisting or turning a nail-bed machine similar to the nail-bed machine at which he was working, at the time of the injury, and on such several occasions it required as many as six or eight men to do said work, then in such event plaintiff in attempting to do said work with himself and the three others assumed all risk of injury.

There were verdict and judgment for the plaintiff assessing his damages at $4,000. The defendant appealed, and assigns as error the several rulings of the trial court to which exceptions were reserved.

BRADLEY & MORROW, for appellant.—Where the question of the burden of proof in case of assumed risk was under discussion, it was said: "The question of knowledge is distinct from that of contributory negligence. The general rule undoubtedly is that the plaintiff need not

[Alabama Steel & Wire Co. v. Wrenn.]

aver and prove that he was not guilty of contributory negligence. In a case like the present, however, the *rule* is *different*, for the reason that he must prove and therefore must aver, that the injury complained of did not result from the ordinary hazards of the business which he is presumed to have voluntary assumed."— 1 Bailey, §§ 944, 946; *Bogenschutg v. Smith,* 84 Ky. 330, (1 S. W. 578); *Norfolk & W. R. Co. v. Jackson,* 85 Va. 489; *Texas R. R. Co. v. Bryant,* 27 S. W. Rep. 825.

An employe of mature years operating a machine without objection cannot be heard to complain.—2 Bailey Personal Injuries, Sec. 2712; *Arcade File Works v. Jutean,* (Ind. App.) 40 N. E. 818. Where a servant has actually operated a machine and has seen others operate it, or where the mode of operating it is simple, there is no duty to instruct or warn him.—2 Bailey, Sec. 2717; *Jones v. L. & N. R. R. Co.,* 95 Ky. 576; 26 S. W. 590. "Where a servant seeks employment, ordinarily the master may assume he is competent and that he appreciates the danger."—*Dysinger v. Cincinnati R. R. Co.,* 93 Mich. 646; 2 Bailey Personal Injuries, Secs. 2718-A and B, and authorities were cited.

"It certainly cannot be held that the company is guilty of greater negligence in employing an inexperienced brakeman than he is in soliciting and accepting such employment. Experience in any line of business cannot possibly be gained in any other way than through actual employment in it."—2 Bailey Personal Injuries, Sec. 2721 B.; *McDermott v. Atchison R. R. Co.,* 56 Kan. 319 (43 Pac. 248).

Where danger is apparent employe need not be warned. This was said of brakemen with only four weeks experience in the service, and without any experience in the work attempted to be done.—*L. & N. R. R. Co. v. Bolland,* 96 Ala. 626; *Norfolk R. R. Co. v. Carltell,* (Va.) 3 S. E. 123; *East Tenn., V. & Ga. R. R. Co. v. Turvaville,* 97 Ala. 122; *Crown v. Orr,* 140 N. Y. 450; 2 Bailey Personal Injury, 2741, 2763, 2764; *Stuart v. West End R. R. Co.,* 163 Mass. 391.

"The mere fact that a servant was injured because

he was inexperienced and ignorant of the danger and hazard would not suffice to charge the defendant."— *Klodniski v. Shores Lumber Co.*, 93 Wis. 417. "The negligence of a master in putting a common laborer at work about a machine, without instructing him as to its operation, does not render him liable for any injury to the latter which does *not* result from unskillfullness."—*Arizona Lumber Co. v. Mooncy*, 42 Pac. 952.

The charges requested by the plaintiff asserted incorrect propositions of law and should not have been given. Under all the evidence in the case the plaintiff assumed the risk of the injury.—1 Bailey's Personal Injuries, §§ 932, 939, 944, 947, 948; *Warden v. Humaston*, 72 Iowa, 201.

Charge 5 should have been given under the express authority of *Hale v. State*, 122 Ala. 85.

Charge No. 10 asserts a correct proposition and is applicable to this case.—*South Kansas R. R. Co. v. Drake*, (Kan.) 35 Pac. 825; *Eddy v. Rogers*, (Tex.) 29 South West. 295; *Atchison T & S. R. R. Co. v. Ichroeder*, 47 Kan. 315; *I. & G. N. R. R. Co. v. Tarver*, (Tex.) 11 South West. 1043.

ROMAINE BOYD, *contra.*—This case was tried on amended count "F," only, all the other counts having been withdrawn or demurred out before cause was left to the jury. The demurrers to count F were properly overruled. A general averment of negligence is sufficient. *A. G. S. R. R. Co. v. Davis*, 119 Ala. 572; *Bessemer L. & I. Co. v. Campbell*, 121 Ala. 50; *Laughran v. Brewer*, 113 Ala. 509; *Conrad v. Gray*, 109 Ala. 130; *L. & N. R. R. Co. v. Hawkins*, 92 Ala. 243; *L. & N. R. R. Co. v. Jones*, 30 So. Rep. 591.

"Very great technicality is not required with us." Certainty to a common intent is sufficient.—*L. & N. R. R. Co. v. Hall*, 91 Ala. 117; *A. G. S. R. R. Co. v. Davis*, 119 Ala. 572; 6 Pleading and Practice, 250.

The court very properly left it to the jury to say from plaintiff's experience and knowledge and all the other

circumstances surrounding particular work at which plaintiff was injured, whether he was guilty of contributory negligence.—*L. & N. R. R. Co. v. Pearson*, 97 Ala. 216; *So. R. R. Co. v. Shields*, 121 Ala. 465; *Watkins v. Birmingham R. & E. Co.*, 120 Ala. 147; *Tenn. C. & I. Co. v. Herndon*, 100 Ala. 459; *Ga. Pac. Ry. Co. v. Davis*, 92 Ala. 300; *L. & N. R. R. Co. v. Jones*, 30 So. Rep. 589.

There was no error in plaintiff's given charge A. Same was substantially the language of the court in *Mary Lee C. & Ry. Co. v. Chambliss*, 97 Ala. 177; *Williams v. S. & N. R. R. Co.*, 91 Ala. 640; *L. & N. R. R. Co. v. Binion*, 107 Ala. 655; *Birmingham R. R. Co. v. Wilmer*, 97 Ala. 165.

Charge B was properly given.—*L. & N. R. R. Co. v. Pearson*, 97 Ala. 211; *T. C. I. & R. R. Co. v. Herndon*, 100 Ala. 458; *Birmingham R. R. Co. v. Wilmer*, 97 Ala. 165.

Charge C was in the exact language of the Supreme Court.—*So. Ry. Co. v. Guyton*, 122 Ala. 241; *Eureka Co. v. Bass*, 81 Ala. 200.

The granting or refusal of a continuance is *discretionary* with the trial court, and by a long and unbroken line of authorities not revisable on appeal.—*Wimberly v. Windham*, 104 Ala. 409; *Smith v. Collins*, 94 Ala. 394; *A. G. S. R. R. Co. v. Hill*, 93 Ala. 514; *Campbell v. White*, 77 Ala. 398; *DeArman v. State*, 77 Ala. 15; *Humes v. O'Brien*, 74 Ala. 78; *Ex parte Jones*, 66 Ala. 202; *Camden v. Bloch*, 65 Ala. 236; *Trammell v. Vane*, 62 Ala. 301.

HARALSON, J.—The case was tried, as admitted on both sides, on count F of the complaint, the others having been withdrawn, the general charge given for defendant on them, or demurrers sustained to them.

The pleas were not guilty and negligence of the plaintiff, which contributed proximately to his injury. Demurrers to pleas 6, 9, 12, 14 and 15, were sustained, and to the others overruled. It is admitted by defendant, that the court did not err in sustaining the demurrer to the 6th. After demurrers sustained to the 9th, 12th,

14th and 15th, by leave of the court, defendant amended each, after which demurrers do not appear to have been interposed to them. Inasmuch as the demurrers to these pleas as originally filed are not set out in the record, we decline to review the rulings of the court thereon.

2. That the demurrer to count F was properly overruled, has been too often decided to admit of further discussion.—*Robinson M. Co. v. Tolbert,* 132 Ala. 462; 31 So. Rep. 519; *B. C. M. Co. v. Parker,* 134 Ala. 293; 32 So. Rep. 700; *L. & N. R. R. Co. v. Jones,* 130 Ala. 456; *B. L. & I. Co. v. Campbell,* 121 Ala. 50; *A. M. R. Co. v. Marcus,* 128 Ala. 355, and other cases cited in these decisions.

3. There was no abuse of its discretion on the part of the court, under the facts stated, in not continuing the cause after amendment of the complaint, and forcing the defendant to trial. Defendant showed very clearly, he had no meritorious cause for continuance.— *Humes v. O'Bryan,* 74 Ala. 78; *Wimberly v. Windham,* 104 Ala. 409.

4. The objection to the answer of the witness, Harris, to the question propounded to him, the basis of assignment of error 9, is without merit. The evidence was not irrelevant, under the pleadings, and whether the witness was an expert or not, qualified to express the opinion called for, was a matter addressed to the discretion of the court and the province of the court to decide. The force and value of the opinion expressed was for the jury to determine in connection with all the evidence. *White v. State,* 133 Ala. 122; *L. & N. R. R. Co. v. Sandlin,* 125 Ala. 140; *Walker v. State,* 58 Ala. 393; *Insurance Co. v. Stephens,* 51 Ala. 123.

The witness, Harris, for the plaintiff, was asked to "state whether or not you know plaintiff's generel experience in work of that kind, after he came to defendant's rod mill to work?" Plaintiff's experience as well as defendant's knowledge of his inexperience, was matter well within the issues of the case. The answer the witness gave, against the objection of the defendant was,

"After he came here to work he looked to be a green man to me." The answer was not responsive to the question, and the defendant moved to exclude it on the grounds that it was irrelevant, immaterial, illegal and incompetent evidence, which objection the court overruled. The answer, besides being irresponsive to the question, was a mere expression of opinion of the witness, as to how the defendant looked, which might have been true, but he did not state the fact called for, whether he knew the plaintiff's experience or inexperience in the matter inquired about. He may have looked green, and yet have had experience. The answer was improper as evidence tending to show the experience of the plaintiff, or his want of it, and we cannot say that it was error without injury.

The same thing may be said of the questions propounded to plaintiff's witness, Hancock, made the basis of assignment of error 12.

5. Frank Wrenn, a brother of plaintiff, in his examination stated, that he met Cassidy, the defendant's superintendent, at his place of business in Ensley, and requested him to give his brother, the plaintiff, a job; that Cassidy replied, he thought he could put him to work, and about ten days afterwards, he was put to work. The witness was asked if, at the time, there was anything said about plaintiff's experience. Witness testified that he told Cassidy that his brother was inexperienced, as far as public works were concerned, and if he had anything to put him at it until he could get something better. The objection to the question was that it was irrelevant and immaterial. The question was not subject to the objection made. It was competent to show that the plaintiff was inexperienced, and that defendant's superintendent knew it.

Assignments of error 14, 15, and 20 are not insisted on, further than to say they called for immaterial evidence. This was no more than a restatement of the objection, and it is no argument to support the assignments. Moreover, the questions in each instance were not answered.

6. Leonard testified for defendant, that he began work in a machine shop when he was twelve years old, and that drill press work was simple, and generally done by boys. He was asked how old he was when he first operated a drill press. Objection to this question was properly sustained, for it had no bearing upon the intelligence of plaintiff when put to work on such a machine, and whether he was capable of operating it, especially if it was attended with danger and he was uninstructed, as the evidence tends to show was the case. What one person could do safely in operating such a machine, is not a proper criterion of what another could safely do. The different degrees of capacity and aptitude in one boy might be very different from that of another person. For similar reasons, what was proposed to be proved, in the same line about the son of a Mr. Keenan, was properly held to be incompetent evidence.

Objection to questions asked this witness, the basis of assignments 17 and 18, are without merit, since the record shows, that the plaintiff afterwards withdrew his objections to the questions and they were answered by the witness.

7. Charges A and B given for the plaintiff, are objected to on the ground that they are abstract and misleading. If that were their only vice, we would not reverse for such a reason. But the charges were not subject to such objection, as there was evidence on which they were based, and they each assert correct principles of law. The evidence tended to show that the plaintiff had been employed on a farm, and knew little or nothing of machinery, how to operate it and the hazards attending it while being operated; that he was a little over twenty-one years old and was a man of very common education, and, moreover, that he had not been warned of the dangers in handling it by his employer. As to the latter fact, the evidence for the plaintiff and the defendant was in contradiction, and there was some evidence for defendant tending to show that whatever dangers there were,

were obvious. It was proper, as seems to have been done, to leave the determination of such issues to the jury. It is presumed the master, or the person placed in charge of a hazardous business or a department thereof, is familiar with the dangers, latent or patent, ordinarily accompanying the business he had in charge." "He should inform him [the employe] of the particular perils and dangers of the service."—Bailey Mast. Liab. 109; *Robinson M. Co. v. Tolbert, supra; Holland v. Railroad Co.*, 91 Ala. 444; *Railroad Co. v. Boland*, 96 Ala. 632.

Again, Mr. Bailey says: "If there are dangers which are obvious, yet not so much so that they can be seen at a glance or appreciated, [it is] the duty of the master, if they are not understood by the servant, or not likely to be known by him, to make them known to the servant. * * * And if there are any dangers, either latent or patent, of which the master has knowledge, either actual or presumed, which the employe, either from his youth, inexperience, want of skill, or other causes, does not or is presumed not to understand or comprehend, they must be made known to him by the master; and this duty of the master is the same as to the machinery or appliances used or to be used by him. * * * This obligation is not discharged by informing the servant generally that the service in which he is engaged is dangerous; and more especially is so when the servant is a person, who, neither by experience nor by education, has or would be likely to have any knowledge of the perils of the business, either latent or patent. In such case the servant should be informed, not only that the service is dangerous, but of the perils of a particular place, and the particular or peculiar dangers that attend the service, if any."—Bailey's Mast. Liab. 111, 112, "When there is any doubt as to whether the employe ought to have been acquainted with the risk, and the master was or was not chargeable with his want of knowledge, the determination of the question is ordinarily for the jury."—Ib. 117, 958; *Worthington v. Goforth*, 124 Ala. 656, 660.

Charge C is in exact conformity to what we have here-

tofore said on the subject.—*So. R. Co. v. Guyton,* 122 Ala. 241.

Charge 5 requested by defendant was properly refused. It misplaces the burden of proof.—*Moore v. Heineke,* 119 Ala. 627. Moreover, it was confused and well calculated to mislead the jury.

The facts hypothesized in charge 10 for defendant, do not, under the facts of the case, as a matter of law, place upon the plaintiff, in attempting to do the work himself with three others, an assumption by him of all risk of injury. Whether he had sufficient experience and knowledge of the work and the dangers connected with it, as to understand it, and whether such dangers were so obvious as that one of his experience and intelligence could readily comprehend them, were, under the state of the evidence, proper for the determination of the jury.—Authorities *supra.* But the charge misplaces the burden of proof. The plaintiff was not bound to aver or prove that he did not assume the risk. It would be for the defendant to show that he acted in such manner and under such conditions as to show that he did assume it. An employe in such case may be guilty of contributory negligence, but he does not assume the risk incident to the negligence of "any person in the service or employment of the master or employer who has any superintendence intrusted to him whilst in the exercise of such superintendence."—Code, § 1749, subdiv. 2; *Woodward I. Co. v. Andrews,* 114 Ala. 243, 257.

It is unnecessary to say more, than that the other charges for defendant were properly refused.

For the error indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.